8931, 8932.   McFADDEN *et al.* v. WHITE CITY MANUFAC-
         TURING COMPANY; and *vice versa.*

1. Where separate and distinct claims arising ex contractu between the same parties are joined in the same suit, an instruction by the court which might reasonably tend to mislead the jury into believing that the claims are mutually dependent is erroneous.

2. Two writings in identical form, containing the terms of an executory contract of purchase and sale of personalty by named parties, and each identified by the same contract number and purporting within itself to be a duplicate of another to be signed by the opposite party, can, when so executed, be connected together, without the aid of parol testimony, and thus meet the requirements of the statute of frauds.

DECIDED JULY 10, 1918.

Action for breach of contract; from city court of Athens—Judge West.   May 8, 1917.

The plaintiffs made two contracts for the sale and delivery of cotton to the White City Manufacturing Company,—one dated February 23, 1914, for 100 bales of a fixed grade, of which 63 bales were accepted and paid for by the defendant, and the other for 200 bales of another grade, of which 97 bales were accepted and paid for. The suit was based on the separate breach of each contract, and the amount of the damages laid in each instance was the alleged difference between the contract price of the refused portion of the cotton and the sum realized from its sale as made by the plaintiffs for the defendant's account. The defendant moved in writing to dismiss the action, on the ground that the petition showed that the contracts lacked mutuality and did not in any way purport to bind the plaintiffs. This motion was overruled. In answer to the suit the defendant pleaded that the grade and char-

acter of the cotton tendered by the plaintiffs in fulfillment of their own obligations under each of the alleged contracts wholly failed to meet the requirements therein, and that the defendant was for that reason authorized to reject the cotton so tendered. The jury found in favor of the defendant. The plaintiffs except to the refusal to grant their motion for a new trial; and the defendant, by cross-bill of exceptions, complains of the overruling of its motion to dismiss the petition.

*Erwin, Rucker & Erwin,* for plaintiffs.

*H. C. Tuck, Shackelford & Meadow, Horace & Frank Holden,* for defendant.

JENKINS, J. (After stating the foregoing facts.)

1. The first three grounds of the amendment to the motion for a new trial set out extended portions of the charge of the court and complain that the court thus repeatedly instructed the jury as if there was only one contract involved in the suit, and only one alleged breach, thus giving the jury to understand that if any of the cotton tendered under either contract did not come up to the requirements of the agreement, the defendant would thereby be relieved entirely, whereas the jury were in fact authorized, under the pleadings and the evidence, to find in favor of the plaintiffs as to the tender made under one of the contracts, and against it as to the other. If such must be taken as the reasonable meaning and intent of the charge, the exception is good. The portion of the charge thus excepted to in the first of these grounds is as follows: "Among other things they allege in that petition that this defendant, White City Manufacturing Company, is indebted to them in a certain amount of money, and that such indebtedness is due by reason of the fact that some time in 1914 they entered into a contract with the defendant, White City Manufacturing Company, whereby they sold defendant a certain number of bales of cotton at and for a stipulated price; that under the contract they delivered part of the cotton to the defendant, and that there was a certain part of the cotton that the defendant, White City Manufacturing Co., failed and refused to take, to wit, some 133 bales of the original purchase. They say that on account of the defendant, White City Manufacturing Company, failing and refusing to comply with its contract and take the balance of the cotton, that the cotton was left upon the hands of the plaintiff; that plaintiff then,

under a provision of law, gave the defendant, White City Manufacturing Company, notice of its intention to sell this cotton that under the contract had been sold to the defendant, and still defendant refused to take it under the contract; that plaintiff used all ordinary care in getting the best price possible for the 133 bales of cotton, and did put it up and sell it for the best price obtainable at the time; that it failed to bring the amount that would have been due by the defendant if it had complied with the contract, and therefore they bring suit for the difference of the price of the cotton between the amount sold to the defendant, White City Manufacturing Company, and the price the cotton brought when it was sold for defendant's account, and they ask a verdict at your hands for the difference." The second ground complains of the following excerpt from the charge: "Therefore the only question and the only issue that you will determine is whether or not the cotton not accepted—that is, this 133 bales under the contract—came up to the contract by which it was sold and purchased. If it did, then the defendant is bound to take that cotton at the price they agreed to pay for it. If it did not come up to the grade and type by which it was bought, then he is not bound to take it and pay for it. So you will determine all that issue, and you will determine it from the evidence and all the facts and circumstances in the case, and if you determine the 133 bales of cotton tendered by McFadden Brothers Agency to the defendant, White City Manufacturing Company, came up substantially to the type of cotton that he bought, then I charge you it would be your duty to find a verdict in favor of the plaintiff in this case for whatever he has shown is the difference between the price the defendant agreed to give for the cotton and the price they actually sold the cotton for." The portion of the charge objected to in the third ground is as follows: "If you find for the plaintiff, assess damages in the manner I have given to you, by determining what the contract price was, and then determine what the cotton was sold for, and plaintiff would be entitled to recover the difference between those two prices, whatever the evidence discloses to you those figures are."

It will be seen that the judge did not in the portions of the charge indicated, nor did he elsewhere, distinguish the two distinct causes of action as laid by the declaration, and which grew out of the alleged breach of the two similar though independent contracts.

It is true that before giving the contentions of the plaintiffs as set out in the first quotation from the charge, the judge told the jury that the grounds of the plaintiffs' contentions were shown by the petition in the case, which they would have out with them and would have a perfect right to read. However, even if the judge's explicit statement of the plaintiffs' contentions can be taken as being thus qualified by the reference to the pleadings, still "it is one thing to state what a party contends, and another and a very different thing to state the law applicable to such contention" (*Atlanta Railway Co.* v. *Gardner,* 122 *Ga.* 82, 93, 49 S. E. 818) ; and therefore the question at last is whether the fact that the judge thus stated the contentions of the plaintiffs, and defined the issue in the case as being whether the 133 bales of rejected cotton did or did not come up to the contract grade, could have confused the jury into believing that if the evidence showed the defendant was authorized in rejecting the tender made under one of the contracts, this would have relieved it of liability under the other. In other words, if the judge failed to submit the issue made under each of the contentions of the plaintiffs, then he failed to submit either, since it was not permissible to limit one by the other. Counsel for the defendant invoked the ruling made by the Supreme Court in *Gainesville &c. Railway Co.* v. *Austin,* 127 *Ga.* 120, 124 (56 S. E. 254), where it was held that it was not incumbent on the court to deal separately with the two counts in the petition as though two distinct and independent cases were on trial. In that case the two counts in a suit for personal injuries differed only in that the plaintiff alleged in one that he jumped from the car to avoid imminent peril, while in the other he alleged that he was thrown from the car by an electric shock. In the opinion it is stated that the court by its instructions submitted to the jury both of these theories of recovery, and left them to determine which, if either, was sustained by the evidence. In that case, while the two counts set up separate causes of action, though based upon different theories of the same transaction, the court did not fail to submit each of the separate contentions to the jury, and the question as to whether they were made mutually dependent by the terms of the charge does not seem to have been involved. In the instant case there are two separate and distinct claims of a similar nature joined by separate counts in the same action, and the plain-

tiff was entitled to have each of them determined independently of the other. Throughout the able charge of the trial judge not only were the two contracts, forming the basis for the independent claims, treated and considered as one and the same, but they were thus specifically and repeatedly referred to, and that too in connection with the issue made upon the alleged breach thereof. In our opinion the jury might reasonably have been thus confused.

The alleged errors in the instructions complained of in the remaining grounds of the motion for a new trial are not such as are likely to be involved in the next trial of the case, and need not be discussed.

2. Under the ruling stated in the second headnote, we think the motion to dismiss the petition was properly overruled.

*Judgment on the main bill of exceptions reversed; on the crossbill affirmed. Wade, C. J., and Luke, J., concur.*