## SOUTHERN RAILWAY COMPANY *v.* HARDIN.

1. Where a petition sought to recover damages for the commission of two separate and distinct torts, the court did not err in refusing, on motion of defendant's counsel at the conclusion of the evidence for the plaintiff, to nonsuit the plaintiff as to the claim of damages for one of the torts declared upon. A nonsuit goes to the whole and not to a part of the plaintiff's case.

2. When, under such a petition, the evidence shows that the plaintiff is entitled to have a recovery for one of the tortious acts alleged to have been committed, and is not entitled to recover for the other of such alleged acts, and under the charge of the court the jury could have properly based. their verdict on either one or both, and a verdict finding a gross sum for the plaintiff was returned, it can not legally stand, because of the uncertainty as to whether it was rendered in satisfaction of the tortious act proved or that submitted which was not proved.

Argued March 24, — Decided April 24, 1899.

Action for damages.   Before Judge Fite.   Gordon superior court.   February term, 1898.

*Shumate & Maddox*, for plaintiff in error.
*W. J. Cantrell & Son* and *R. J. & J. McCamy*, contra.

LITTLE, J.   Hardin brought an action against the Southern Railway Company, to recover damages.   The petition set out two separate and distinct torts alleged to have been committed by the defendant..   The first was, that she had purchased from the defendant's agent at Piedmont, Alabama, a ticket entitling her to be carried from Piedmont to Reeves station, a point on defendant's line in Gordon county, Georgia, for which she paid regular fare; that having received her on one of its trains the defendant negligently and tortiously refused to permit her to leave the train at Reeves station, but carried her two miles beyond said station, by which she was damaged as specifically set out in her petition.   The second cause of complaint is, that when the train stopped at Oostanaula, two miles from Reeves station, she was forced and hurried by defendant's servants to alight from the car unaided and unassisted, at night, and in so getting off she was severely injured in a manner set out, and that such injury was occasioned by the negligence of the defendant's servants and agents.   The damages for both injuries were laid at $1,000.00.   The defendant answered, specifically denying the allegations of the petition.   The jury returned a verdict for $250.00, and judgment was entered accordingly.   The defendant moved for a new trial, which was denied, and to this judgment it excepted.

1. This case was once before this court, reported in 101 *Ga.* 263.   Substantially the same evidence as appears in the record

in that case was had on the second trial. The fourth ground of the motion for new trial assigns error because the court failed and refused, upon motion of defendant's counsel at the conclusion of plaintiff's evidence, to nonsuit the plaintiff's case as to her claim for damages for personal injuries, or to withdraw from the jury the plaintiff's claim for damages for injuries alleged to have been sustained while she was alighting from defendant's train. This, in effect, is a motion to nonsuit a part of the plaintiff's case, which, as was ruled in the case of *Swain* v. *Macon Fire Insurance Company*, 102 *Ga.* 96, could not be done. There, as here, the action was for two separate and distinct causes, as to one of which, on motion, the judge non-suited the plaintiff. This court reversed that ruling, and said: "We are not aware of any precedent for the granting of such an order. In our opinion the court can not grant a partial nonsuit. It may strike from the declaration irrelevant matter, or allegations setting up no cause of action, or by proper in-structions to the jury cut the plaintiff off from recovering upon a claim embraced in his petition, upon which, under the law and evidence, there could be no lawful recovery in his favor. But granting a nonsuit as to a portion of the plaintiff's case is a thing unknown to our practice." We must rule that the court committed no error in refusing this motion of the de-fendant.

2. Another ground of the motion is, that the verdict is con-trary to law. It was ruled, when the case was formerly con-sidered, that if the testimony of the plaintiff is to be believed, the facts make a case of negligent omission properly to perform the contract of carriage, and in our judgment such cause of ac-tion is supported by the evidence in the record, and she is enti-tled to recover for that cause of action at least nominal damages. But she also seeks, in the same petition, to recover damages for personal injuries which she alleges she sustained, through the negligence of the defendant's servants, in alighting from the car at Oostanaula, the station to which she was carried. An examination of the brief of evidence on this point authorizes a legal conclusion that the plaintiff is not entitled to recover any damages from the defendant on account of this allegation of

injury, concerning which she herself testified as follows: "How I come to be hurt, I was helping myself. I chose to do that in getting off the train : the light a little grain sorter bothered me and I thought I would hurry.   I started to fall, and I caught my whole weight to keep from coming headlong down, and it hurt and it hurts yet.   I just started to fall, and it was so quick I reckon I must have missed a step.   I just thought I would hurry, as all were in a hurry. . . I chose to help myself off the train.   I thought I could help myself about as good as I could be helped. . . I did not fall. . . The man was holding the lamp when I got off the train.   I did not want to look at it—it hurt my eyes.   I didn't pay any attention to the light. . . I thought I was getting along very well, and was—if I had not made that blunder."   The plaintiff then testified as to the character and extent of her injury.   This evidence entirely fails to show any negligence upon the part of the defendant's servants and employees, by which the plaintiff was injured.   Indeed, she was pursuing her own way, according to her testimony, and in so doing she thought she was getting along very well, and was, if she had not missed a step, which caused her to throw her whole weight on her arm in endeavoring to prevent a fall.   If she was injured under such circumstances, and declined the assistance of defendant's servants in undertaking to alight, it must be attributed to her own negligence and to the want of ordinary care on her part, in neither of which events could she legally have recovery.   Civil Code, §§ 2322, 3830.   So that we find from an inspection of the record that the plaintiff was entitled to recover for one of the alleged tortious acts, and not entitled to recover for the other.

In charging, the court instructed the jury as follows: "The defendant admits buying the ticket, and concedes further that it did not stop at Reeves station, and admits that they are liable for nominal damages for not stopping; but the company denies that it is liable for any damage sustained, if any was sustained by the plaintiff in getting off of the train at Oostanaula.   So the real question for you to determine is, whether or not the plaintiff was injured and damaged in alighting from the train, and whether or not the company is liable for it.   If

you determine she was injured and damaged and that the company is liable, then you would have to determine the extent of the injury she sustained, and find the amount. On the other hand, if you conclude that she was not injured and damaged, or that she was injured and damaged and the company is not liable for it, then you will find for the plaintiff whatever you think is right by reason of the defendant having carried her beyond Reeves station." The jury returned a general verdict for $250.00, and the court refused to set it aside. Neither the superior court in which the case was tried, nor this court, can determine from the record upon which tortious act set out in the declaration the jury based their verdict. As before stated, the plaintiff was entitled to recover for being carried beyond Reeves station under the circumstances shown by the evidence, but she was not entitled to recover for the damages which she sustained in alighting from the car. Under the charge of the court the jury could have based their verdict on the personal injuries alleged to have been sustained. We can not, as a matter of law, say that they did not. The verdict might have been based on one or the other of these causes, or partly on both. In our opinion the jury should have been instructed, under the evidence for the plaintiff, that the plaintiff was not entitled to recover for the personal injuries sustained in alighting from the car. Had this been done, and the same verdict returned, it would be held to have been based on the negligent omission of the defendant to stop the train at Reeves station and allow her to alight. As it is uncertain which cause of action the jury considered in awarding the damages, they being at liberty under the charge of the court to consider both, the verdict must be set aside and a new trial awarded. We find no error in overruling the motion for new trial for the other causes set out in the motion. As to the charge complained of, this court, in effect, adjudicated that question when the case was previously heard.     *Judgment reversed.     All the Justices concurring.*