## GAINESVILLE AND DAHLONEGA ELECTRIC RAILWAY COMPANY *v.* AUSTIN.

1. A petition containing one count, in which two causes of action are set forth, will on special demurrer be held bad for duplicity.
2. A petition containing several distinct counts which do not differ in any substantial particular from each other will, on motion filed at the first term in the nature of a special demurrer, be dismissed unless the surplus counts are eliminated by amendment.

3. A petition containing several counts, each referring to the same transaction, but differing from each other in substantial particulars as to the details of the transaction, is not bad for duplicity.

4. There was no error in overruling the demurrer to the first and third counts of the petition.

Submitted April 14, — Decided May 11, 1905.

Action for damages.    Before Judge Hollingsworth.    City court of Hall county.    November 21, 1904.

The petition contained three counts.    In the first count it was alleged, that the plaintiff was a passenger in one of the electric cars of the defendant, in which no seats were provided, and that he was therefore compelled to stand; that in the center of the car was a post, upon the top of which rested the trolley-pole; that while the car was in motion the conductor negligently caused and allowed the trolley-wheel to get off the wire, and the trolley-pole shot upward; that the trolley-wire began to sag, and the trolley-pole began to strip the guy-wires off the trolley-wire; that the trolley-wire, with its deadly electric current, was thus caused to fall down and among the unprotected passengers on the car; that there was no roof on the car to keep the wire off, and it came in contact with the passengers, shocking them and causing lurid flashes of fire; that the car was running 20 to 30 miles per hour, and the employees in charge of the car took no steps to stop it, or to prevent the electric current from striking the passengers; that the plaintiff was considerably shocked, and the emergency was great, and, being dazed and shocked and in dire extremity, jumped from the car to the ground, and in so doing was seriously injured.    Various acts of negligence were charged against the defendant.    The third count contained allegations similar to those of the first count, except that it was averred that by the falling of the wire the plaintiff was "thrown and hurled" from the car. The defendant demurred to each count on various grounds, to the petition generally on the ground that it is contradictory and uncertain, and to the third count on the ground that it contradicts the first and second counts.    The court struck the second count, and overruled the demurrer as to the remainder of the petition. The defendant excepted.

*H. H. Dean*, for plaintiff in error.

*Arnold & Arnold, Howard Thompson*, and *Fletcher M. Johnson*, contra.

COBB, J.   The special demurrer was designed to raise the objection that the first and third counts contained contradictory allegations as to the manner in which the injury complained of occurred; and the question is presented whether this practice is allowable in this State.   The rules of the common-law pleading permitted the bringing of one suit founded upon several causes of action of a similar nature, provided such causes of action were set forth in separate and distinct counts.   A declaration which contained one count and set forth two or more causes of action therein was bad for duplicity, but a declaration which contained two or more distinct counts upon separate causes did not violate the rule against duplicity.   If the declaration contained more than one count, and the transaction set forth was exactly the same in each, the pleading was bad, and the surplus counts would be stricken therefrom, and in some cases the cost would be placed upon the attorney responsible for the surplusage.   But if the counts differed in any substantial particular from each other, each was allowed to stand, upon a fiction that each was a different cause of action. The rule permitting various counts setting forth different causes of action of a similar nature gave rise to the practice of the pleaders in setting forth one cause of action in various ways in different counts, in order to meet the probable variations in proof that might occur at the trial.   While as matter of fact there may have been only one transaction, a declaration containing several counts would be allowed to stand where there was any material difference in the way in which the details of the transaction were set forth; the declaration on its face thus appearing to be upon several causes of action, and therefore within the rule above referred to. See Gould on Pleading, 164, 208; Stephen on Pleading (Heard), *266; 1 Chitty on Pleading, *424; Phillips on Code Pl. §§ 124, 206; ·5 Enc. P. & P. 319 (11).   The common-law practice of allowing two or more causes of action of a similar nature to be joined in the same declaration has been incorporated into the code of this State.   The rule allowing several counts was substantially and materially changed by the rules of practice adopted in England in 1833, under which two or more counts were generally not permissible where it was apparent that they were based upon the same transaction.   See 1 Chitty, Pl. *749; Stephen, Pl. (Heard) *277.   The reason given for the abolition of several counts by the

English rules of practice of 1833 was that the right to amend had been greatly enlarged, and there was therefore no longer any necessity for stating the cause of action in various ways. Under the present- law of this State the right of amendment is even more liberal than it was in England in 1833, but this does not entirely dispense with the desirable results reached by the use of several counts; for while the plaintiff may amend to adjust his pleading to the evidence, the amendment may be of such a character as to cause surprise to the opposite party and work a postponement of the case, and several counts can be well used to avoid the probability of delay which would result from the use of one when the evidence varies from the allegations and makes an amendment necessary. The changes made by the English rules of practice of 1833 have never been adopted by the General Assembly or by the judges as rules of practice in this State; and a plaintiff may in different counts set forth the same cause of action in various ways.

When the first and third counts in the petition are tested by the prevailing rules of practice in this State, it will appear that there is at least one substantial difference between the two. In the first count it is alleged that the plaintiff "jumped" from the car, and in the third count that he was "thrown and hurled" from the car. While each count sets forth a cause of action having for its basis apparently the same transaction, the causes of action in the two counts are not the same, and in determining liability different proof would be required and different rules of law would be applicable. In *Pitts* v. *Smith,* 108 *Ga.* 37, and *Seifert* v. *Sheppard,* 111 *Ga.* 814, the petitions were held bad for duplicity, for the reason that one count dealt apparently with two separate and distinct causes of action. See, in this connection, *Orr* v. *Cooledge,* 117 *Ga.* 206. The first and third counts set forth a cause of action, and there was no error in overruling the demurrer to these counts. See Mannon *v.* Ry. Co. (W. Va.), 49 S. E. 450.

*Judgment affirmed. All the Justices concur, except Candler, J., absent.*