## GAINESVILLE AND DAHLONEGA ELECTRIC. RAILWAY COMPANY *v.* AUSTIN.

1. A plaintiff who sues to recover damages for a personal injury may embrace in his petition two or more separate counts, setting forth different accounts of the manner in which he was injured, so as to meet any anticipated variations in the proof which may be adduced at the trial; and a judgment striking one of the counts on the ground that no cause of action is therein stated will not be a bar to his prosecution of the suit upon another count in his petition.

(a) An order allowing a plea of res adjudicata to be filed, over the objection of the plaintiff, as a part of the defendant's pleadings, is not to be regarded as conclusive upon the former as to the merits of the plea, when the order expressly recites that the court does not undertake to pass upon the question whether or not the plea sets up a good defense.

(b) So long as the case is in limine and there is no estoppel of which the party filing the plea may take advantage, it is within the power of the court, of its own motion, to order it stricken as legally insufficient in matter of substance, or to instruct the jury to disregard the defense thereby sought to be interposed.

(c) If the plea be without merit and there is no estoppel upon the plaintiff to call into question its legal sufficiency, the defendant can not justly complain that the trial judge entirely ignored it when instructing the jury as to the issues involved in the case, and thus deprived the defendant of all benefit of the defense of res adjudicata.

2. That the presiding judge, when undertaking to state the contentions of the respective parties, omitted to say that the defendant contended the injury to the plaintiff was caused purely by an accident will not afford cause for a new trial when it affirmatively appears that the judge, before concluding his charge, gave to the defendant the full benefit of this branch of the defense by instructing the jury that the plaintiff would not be entitled to recover "for purely an accident, that neither party was responsible for."

3. After the plaintiff in a suit against a railway company shows that he was injured by the running of one of the defendant's cars, the burden is on the company to make out its defense, as there will then arise a presumption of law that the defendant was negligent as charged in the

plaintiff's petition; and this is true although he may allege, in different counts, that the injury occurred in either one of two ways, because of various acts of negligence on the part of the company.

4. It was not incumbent on the court, in its charge to the jury, to deal separately with the two counts in the petition, as though two distinct and independent cases were on trial, nor to instruct the jury to inform the court on which count they found, in the event they returned a verdict in favor of the plaintiff.

5. The verdict was neither contrary to the evidence nor excessive in amount; and, in view of the counter-showing made by the plaintiff, the defendant was not entitled to a new trial on the ground of newly discovered evidence.

Submitted July 18, — Decided December 14, 1906.

Action for damages.   Before Judge Stark.   City court of Hall county.   October 14, 1905.

The substance of the petition filed by the plaintiff is set forth in the report of this case in 122 *Ga.* 823.   It contained three counts, the second of which was stricken on demurrer, and the first and third held to be good by the trial court.   After the affirmance of this judgment by the Supreme Court, the defendant company offered an amendment to its answer, setting up the plea of res adjudicata, which plea was predicated upon the judgment striking the second count of the petition.   The trial judge, over the objection of the plaintiff, allowed the amendment to be filed as a part of the pleadings, but in his written order recited that "the facts and law as set out in this amendment are not passed upon by the court, as to whether or not they constitute a good plea of res adjudicata."   The trial on the merits, which then ensued, resulted in a verdict in favor of the plaintiff for the sum of $8,250.   In its motion for a new trial the defendant company complained that the verdict was unwarranted by the evidence and was excessive; and also excepted to various rulings made by the presiding judge, and to his failure to submit to the jury the issue raised by the plea of res adjudicata, and to state its contention that the injury to the plaintiff was caused purely by accident.   The motion also set forth certain assignments of error on the charge of the court, as well as the complaint that the court did not in its charge deal separately with the first and the third counts of the plaintiff's petition, instructing the jury as to the law peculiarly applicable to each, and failed to instruct the jury to inform the court upon which count they found, in the event they should return a verdict in favor of

the plaintiff. The movant further relied on newly discovered evidence. The court below declined to grant the defendant a new trial, and it thereupon sued out the present writ of error.

*H. H. Dean,* for plaintiff in error.

*R. R. Arnold, F. M. Johnson,* and *Howard Thompson,* contra.

EVANS, J. (After stating the facts.)

1. The railway company in its plea of res adjudicata set forth the adjudication in its favor, to the effect that no cause of action was properly pleaded in the second count of the plaintiff's petition, and also alleged that while he apparently sought to recover upon three distinct counts, each relating to a separate cause of action, he had not, in point of fact, received more than one injury and had never had but one (if any) cause of action against the company. The defense urged in this plea was that the judgment striking the second count of the petition operated as a bar to any recovery under either the first or the third count, since, as matter of fact, all related to one and the same transaction, and not to three separate occurrences giving rise to three distinct causes of action, as the petition would seem to indicate. That it was permissible for the plaintiff to bring his action in the manner he adopted, making use of separate counts in order "to meet the probable variations in proof that might occur at the trial," was expressly ruled when the case was before us at the March term, 1905. Under our rules of pleading, it was the right of the plaintiff to avail himself of the fiction that he had three causes of action, notwithstanding he had only one in point of fact; and the adjudication that the one referred to in the second count of his petition was not well pleaded could have no practical effect other than to limit the plaintiff to the prosecution of one or both of the causes of action which were properly pleaded. That is to say, nothing more has been adjudicated than that he has not three, but only two, causes of action well pleaded. Certainly it has not been adjudged that he never had but one, or that each of the three counts related to one and the same transaction. On the contrary, the second count was stricken upon the theory that it related to a wholly different occurrence from that mentioned in the first or that recited in the third count, and, as the allegations in these two counts could not for that reason be properly looked to in aid of the second count, the defendant was not put on notice by the allegations therein how the cause of action

to which it related originated.　See *Cooper* v. *Portner Brewing Co.*, *112 Ga. 895, 900*.　Proof at the trial that the plaintiff received but one injury, and therefore had but one just cause of complaint against the defendant company, could serve no purpose other than to disclose that he had by his pleadings made a legitimate misrepresentation to the court when he alleged that he had, on the same day of the same year, been three times negligently hurt by the company.　By failing to perfect his second count by amendment, and thereby losing the right to insist that he had been three times injured, he did not forfeit his privilege of pressing his suit to a trial and proving he had been tortiously hurt by the defendant, in the manner alleged in the first count or in the way detailed in the last count.　There was obviously no merit in the plea of res adjudicata.

But counsel for the company insists that as the plea was allowed by the court and ordered filed as a part of the pleadings, over the objection of the plaintiff, he is concluded by a ruling, binding until duly excepted to and set aside, to the effect that the plea set up a good defense.　The record does not support this contention.　In the first place, the order of the court allowing the plea to be filed affirmatively discloses that the trial judge declined to pass upon the legal question whether or not the facts alleged constituted "a good plea of res adjudicata," but reserved this point for future determination; and in the second place, the record shows that when the judge came to charge the jury as to the issues they were called on to decide, he utterly ignored the defense of res adjudicata and thus deprived the defendant of all benefit of it.　Under these circumstances, it is clear that if the court made any express ruling at all upon the legal sufficiency of the plea, that ruling was against the defendant and there was no right of exception in the plaintiff.　Such an order as that passed by the trial judge is an irregularity, when timely objection is made to the amendment of pleadings, but this is so simply because it does not settle the question raised by the objection nor adjudicate the right of amendment.　The defendant gained nothing by being allowed to file the plea, and the plaintiff lost nothing by having his objections to it ignored by the court.　The real question for our determination is whether or not the defendant was deprived of any substantial right by the failure of the judge to submit to the jury its defense of res adjudicata, and our

conclusion is that this was not an available defense. The court, at any time during the progress of the trial, could of its own motion have ordered the plea stricken as legally insufficient in matter of substance, or could have instructed the jury not to consider the defense therein set up. *Kelly* v. *Strouse,* 116 *Ga.* 894. By ignoring this defense in his charge to the jury, the trial judge did not deprive the defendant of any adjudication as to the merits of the plea which the defendant could urge by way of estoppel against the plaintiff, nor impair the right of the defendant to set up all legitimate matters of defense. *Sims* v. *Ry. Co.,* 123 *Ga.* 645. It follows, of course, that the defendant can not justly complain that the court refused to allow the issue presented by the plea of res adjudicata to be first tried, but directed the trial to proceed upon all the issues raised by the pleadings.

2. Complaint is made that the court, when undertaking to state the contentions of the respective parties, omitted to state that the defendant contended that the injury to the plaintiff was caused purely by accident. We find, however, upon an examination of the charge of the court, that the judge, before concluding it, instructed the jury that the plaintiff would not be entitled to recover "for purely an accident, that neither party was responsible for," and thus gave to the defendant the full benefit of this branch of its defense.

3. The court correctly charged the jury that if it appeared from the evidence that the plaintiff was injured by the running of defendant's cars, the burden would be on the company to make out its defense, as the law would presume "that the defendant was negligent as charged;" but that this presumption could be rebutted by the evidence of either the plaintiff or the defendant. *Central Ry. Co.* v. *Weathers,* 120 *Ga.* 475; *Kemp* v. *Central Ry. Co.,* 122 *Ga.* 559.

4. It was not incumbent on the court, in its charge to the jury, to deal with the first and the third counts of the petition separately, as though two distinct and independent cases were on trial. The two counts differed only in that the plaintiff alleged in the first that he jumped from the car to avoid imminent peril, while in the third he alleged that he was thrown and hurled from the car by an electric shock. See 122 *Ga.* 826. The court by its instructions submitted to the jury both of these theories of recovery and

left them to determine which, if either, was sustained by the evidence. As the case was not one in which the defendant had any right to insist upon the return of a special verdict, the trial judge did not commit error in omitting to instruct the jury "to inform the court upon which count they found, whether the first or third," should they bring in a verdict in favor of the plaintiff.

5. A verdict in favor of the plaintiff was authorized by the evidence, and the amount of his recovery was not, in view of the extent of his injuries and the pain and suffering he endured, excessive. The defendant, after the trial, sought to show by way of newly discovered evidence that the plaintiff had been carrying on his usual occupation of architect and contractor, and was not, as he had claimed, totally disabled from doing so. The counter-showing made by the plaintiff fully met and overcame the testimony relied on by the defendant; and the presiding judge did not abuse his discretion in declining to grant a new trial.

*Judgment affirmed. All the Justices concur.*