### 13141. ZEMURRAY v. MANSOR.

Under the allegations of the petition it was not incumbent on the trial judge, in his charge to the jury, to deal separately with the two counts in the petition, as though two distinct and independent cases were on trial, nor to instruct them to inform the court on which count they based the verdict, in the event they returned a verdict in favor of the plaintiff. The allegations of liability being identical under both counts, and the defense set up to both counts being the same, it was proper to instruct the jury, as was done, to find only one verdict, according to. their view of the evidence.

DECIDED MAY 23, 1922.

Action on contract; from city court of Valdosta — Judge Cranford. December 9, 1921.

*Patterson, Copeland & Slater,* for plaintiff.

*E. K. Wilcox,* for defendant.

HILL, J. Zemurray sold to Mansor, on June 6, 1919, a car of bananas described as " Turnings, straights, and eights mixed." The bananas had been previously loaded on the car and were then in transit between New Orleans, La., and Montgomery, Ala. On December 28, 1919, Zemurray sold another car of bananas to Mansor; the description being the same as of the first car. Both cars were sold f. o. b. New Orleans, and the second car was also in transit between New Orleans and Montgomery at the time of the sale. Zemurray caused both cars to be diverted at Montgomery and forwarded to Mansor at Valdosta. When the cars arrived at Valdosta and were examined, the bananas were found to be in bad order, and both cars were rejected by Mansor. The carrier over whose line the bananas were transported from Montgomery to Valdosta sold them in the usual course for sums less than the contract price, and Zemurray brought suit against Mansor for the difference.

The petition contained two counts, but the allegations in both counts were identical with the exception of the car numbers, the dates of the contracts of purchase, and the amounts claimed. Mansor, in his answer, after a general denial of the material allegations in the petition, set up his affirmative defense that at the time of the purchase of the bananas he was engaged in the business of selling and dealing in them at wholesale in Valdosta, and that he bought the bananas, as the plaintiff knew, to be resold to the trade, and that the bananas diverted at Montgomery and offered

to him at Valdosta were not of the kind and grade ordered, and at the time they were offered to him at Valdosta were in an overripe, decayed, and unsalable condition and not merchantable. His answer shows that he made the same defense to the causes of action set up in both counts of the petition. The jury found a verdict in favor of the defendant. There is no complaint in the motion for a new trial or in the brief of counsel in this court that the verdict was not fully supported by the evidence as to both counts, and an examination of the brief of evidence shows that there was evidence in support of both counts. The plaintiff's motion for a new trial was overruled, and he excepted. .

The charge of the court as a whole is excepted to, as well as specific excerpts therefrom; the gravamen of the exceptions being that the instructions to the jury covered both counts of the petition without separating the two counts, and thereby confused the jury on the question of liability. It is contended by the plaintiff in error that there are two separate and distinct claims arising ex contratu between the same parties, which were joined in the suit under separate counts, and that this general instruction of the court tended to lead the jury into believing that the claims were mutually dependent and there could be no recovery upon one without a recovery upon both. There was only one issue in the case, and that was applicable to both counts of the petition, and that issue was whether or not the bananas were of the kind and grade ordered and were in merchantable condition when received at Valdosta. The issue of law was exactly the same as to each count, and, with the exception of different dates, amounts and damages, the evidence in support of each count of the petition was exactly the same. As stated in the case of *Gainesville & Dahlonega Electric Ry.* v. *Austin,* 127 *Ga.* 120 (56 S. E. 254), it was not incumbent on the court, in the charge to the jury, to deal separately with the two counts in the petition, as though two distinct and independent cases were on trial, nor to instruct the jury to inform the court on which count they found, in the event they returned a verdict in favor of the plaintiff. In the case of *McFadden* v. *White City Mfg. Co.,* 22 *Ga. App.* 467 (96 S. E. 581), there were two separate and distinct claims of a similar nature joined by separate counts in the same action, and the plaintiff was entitled, as the court held, to have each of them determined independently

of the other. In that case the charge of the court was held to be confusing and erroneous because, under the instructions given, the claims as separately sued upon were made mutually dependent one upon the other, and the jury were not given the privilege of finding in favor of the plaintiff on one count and against the plaintiff on the other. Not only did the court there fail to direct attention to the fact that the petition contained two counts, but, after adding together the total number of rejected bales under both contracts, expressly limited the issue to whether such stated number of bales, thus treated as one lot, came up to the grade required by the terms of the contracts. In the instant case the learned judge specifically stated to the jury: "There are two counts, but you don't have to make separate verdicts for each count. Your verdict will be as a whole, — in such amount as you think the law and testimony warrant." It has never been the practice in this State, where the plaintiff's petition is laid in more than one count, that there should be a verdict on each count, but the practice has been to take a general verdict for such amount as may be found to be due under the evidence on all of the counts. We think, after an examination of the charge as a whole, that it was entirely adjusted to the facts and to the pleadings, and that the complaint against it on the grounds under discussion is without foundation. An examination of the charge as a whole clearly shows that the jury were correctly instructed as to the only issue before them, and that the verdict is fully supported by the evidence.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*