16139. BLANCHARD *et al. v.* TUCKER, WILLINGHAM & CO.

Where, under a petition which contains two separate and distinct causes of action, the evidence shows that the plaintiff is entitled to a recovery on one of them but not on the other, and under the charge of the court the jury could have based their verdict on either one or both of the causes of action, a verdict finding a gross sum for the plaintiff can not legally stand.

DECIDED OCTOBER 6, 1925.

Complaint; from Muscogee superior court—Judge Munro. December 3, 1924.

*Worsley & Flournoy, Paul Blanchard,* for plaintiffs in error.
*Arnold & Battle,* contra.

BLOODWORTH, J. Plaintiffs brought suit as warehousemen for alleged negligent injury to ninety-nine bales of cotton, caused by allowing the cotton to become wet, by reason of the overflow of the Chattahoochee river, and be thereby damaged to the amount of $1886.54; and also for the loss of five bales of cotton, worth $909.48. The petition contained one count only, and was not demurred to. The trial resulted in a verdict in favor of the plaintiffs for the lump sum of $417.89. A new trial was applied for by the defendants, and when this was overruled they brought the case to this court for review.

405

It is patent that the petition contains two separate and distinct causes of action,—the one for damage to the ninety-nine bales of cotton, and the other for the five bales lost and not delivered. In the motion for a new trial it is urged that the verdict does not cover the issues made in the pleadings, in that the petition sets forth two separate and distinct torts,—one for negligence as a warehouseman in caring for cotton, and the other in trover for refusing to deliver on demand; and that the verdict, being for a lump sum, is not justified by the evidence introduced in support of either cause of action, it being uncertain upon which cause of action it was rendered, and uncertain whether it was rendered in satisfaction of the cause of action for which there was some evidence, or that one for which there was no evidence.

From the "lump sum" verdict rendered it is impossible to tell whether the jury intended to find on one cause of action for the plaintiff and one for the defendant, or whether it intended to find in favor of the plaintiff on both. As to the five bales of cotton, the plaintiff alleged in part that they were "lost by the defendants, and have never been delivered to the petitioner, although frequent demand has been made upon defendants therefor." By amendment it was alleged that these demands were made "on or about the 29th of December, 1919, and again on or about the 27th day of January, 1920." The allegation that these five bales were "lost by the defendants, and have never been delivered to the petitioner," is not supported by the testimony. The plaintiffs directed the defendants to deliver all their cotton to the Eagle and Phœnix Mills, which was done. This being a compliance with the demand of the plaintiffs, there was no evidence to support this cause of action, and, the verdict being a general one, the judgment must be reversed. In *Southern Ry. Co.* v. *Hardin*, 107 *Ga.* 379, the second headnote (p. 380) (33 S. E. 436) is as follows: "When, under such a petition, the evidence shows that the plaintiff is entitled to have a recovery for one of the tortious acts alleged to have been committed, and is not entitled to recover for the other of such alleged acts, and under the charge of the court the jury could have properly based their verdict on either one or both, and a verdict finding a gross sum for the plaintiff was returned, it can not legally stand, because of the uncertainty as to whether it was rendered in satis-

faction of the tortious act proved or that submitted which was not proved." The principle announced covers the issue we are discussing, and is controlling. In this case the jury, under the charge, could have based their verdict on either or both of the causes of action, and a verdict finding a gross sum for the plaintiff can not legally stand. See also *Seaboard Air-Line Ry.* v. *Smith,* 3 *Ga. App.* 1 (2 *a*) (59 S. E. 199); Chase *v.* Knabel, 48 Wash. 484 (90 Pac. 642, 12 L. R. A. (N. S.) 1155). Moreover, that the verdict does not cover the pleadings is emphasized by the fact that when the jury called the attention of the judge specifically to one of the causes of action, and asked if they could find a verdict on a named paragraph, he replied that they could not, but that they must find a verdict for the plaintiffs or the defendants. This was error.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*