## RICHARDS v. INTERNATIONAL AGRICULTURAL CORPORATION.

(District Court, N. D. Georgia. N. D. January 18, 1926.)

No. 807.

**1. Trover and conversion ⚖═32(1)—Count for conversion of salesman's account book by employer held good as against demurrer.**

Count in salesman's action against former employer, alleging that record of sales of his own and his employer's goods were kept in one book, which he turned over to his employer on its promise to return it, which, though demanded, had not been done, *held* one for conversion, and good as against demurrer.

**2. Trover and conversion ⚖═44—Measure of damages stated.**

In action for conversion, measure of damages is usually market value of article, if it has such. If without market value its value to the owner, aside from mere sentiment, is the measure.

**3. Trover and conversion ⚖═32(2)—Allegations as to accounts in book converted held relevant.**

Though in action for conversion of account book, there is no presumption that it is worth amount of accounts in it, allegations as to their amount and collectibility, and necessity of having book to make collections, are relevant, and should not be stricken.

**4. Trover and conversion ⚖═32(6)—Count in salesman's action against employer for conversion of account books held good as against demurrer for remoteness of damages.**

Count in salesman's action against former employer, alleging that book containing record of sales on his own and defendant's account was turned over to employer on its promise to return it, and that defendant wrongfully withheld it to prevent plaintiff from competing for funds of their common debtors, *held* good as against demurrer on ground that damages were too remote and speculative.

**5. Damages ⚖═18—Result intended by wrongdoer cannot be too remote for recovery of damages.**

A result intended by a wrongdoer cannot, under Civ. Code Ga. 1910, §§ 4510, 4511, be too remote for recovery of damages.

**6. Action ⚖═27(6), 45(1)—Cause of action held in tort, and therefore not improperly joined with another for conversion.**

Count against former employer refusing to return account book to plaintiff, *held* one in tort, and hence properly joined with count for conversion of the book, under Civ. Code Ga. 1910, § 5521.

**7. Action ⚖═27(1)—In Georgia, doubt generally resolved in favor of tort as cause of action.**

In Georgia, doubt whether suit sounds in contract or tort is generally resolved in favor of tort as cause of action.

At Law. Action by W. B. Richards against the International Agricultural Corporation. On demurrers to petition. Demurrers overruled.

Holderness, Son & Moreley, of Carrollton, Ga., for plaintiff.

Little, Powell, Smith & Goldstein, of Atlanta, Ga., for defendant.

SIBLEY, District Judge. There are demurrers to a petition removed from the state court. The case disclosed is a novel one. According to the allegations, the petitioner was the representative of the defendant company in selling its fertilizers in Carroll county, Ga. In 1920, by defendant's consent, he sold to its customers, in addition to defendant's goods, $6,300 worth of nitrate of soda of his own, · entering his accounts therefor on a book which he describes as "his," and in separate accounts in said book the sales of the defendant's goods. No other memoranda were kept, and petitioner was and is, without this book, unable to remember to whom he sold his soda, or in what amounts. There was a local crop failure in the fall of 1920, and nothing could be collected. In 1921 the defendant asked of petitioner this book, that another representative might look after its collections, and the book was delivered to this representative, with the information that it contained the only record of petitioner's sales of the soda, and under the promise of its return on demand. Collections became better in 1922 and 1923, and good in 1924. During each of these years petitioner was demanding his book of defendant, with assertions of the damage that was resulting to him from its detention, but has never gotten it back. A few persons have voluntarily paid him, to an amount of $900, but his ignorance of who it is that owes him has prevented his collecting otherwise. There is no direct allegation that he could have collected all that was due him, but the facts alleged are such as to afford a fair inference, in the light of human experience, that much more could have been collected with some pressure on the debtors. The petition is thereupon brought in two counts. Special and general demurrers challenge their sufficiency and consistency.

[1] The first count I construe as one for conversion, based on ownership of the book and a wrongful detention of it after demand. There is no explicit allegation of title in petitioner, but the book is uniformly referred to as "his." It was originally in his possession, and gotten from him under a promise

of its return, which is, as between the parties, an acknowledgment of his ownership. It is contended that the entry of the accounts of the defendant in the book destroyed petitioner's exclusive title. Had there been nothing else in the book, such an act of the agent of the defendant might well have been construed as a dedication of the book to his principal's use; but his keeping his own business also in it rebuts an inference of that intent, as does the promise of return on the delivery of it to the defendant. The agent, of course, owed his principal a full account of its business, which might involve giving it a copy of the accounts, or permitting full access to the book, or even the delivery of the pages containing its accounts. But this duty would not necessarily transfer the title to the book itself, nor justify retention or exclusive possession after demand for its return. Indeed, the agent might, with propriety, desire and be entitled to retain the record of his sales as agent for his own information and protection; they not constituting evidences of debt. The circumstances, all together, make proper a jury issue as to the ownership of the book and its conversion.

[2] The book is alleged to have had a value equal to the sum of petitioner's accounts on it, less the amount he had collected, which difference is sought to be recovered. In an action for conversion, the measure of damages is usually the market value of the article, if it has such. This book manifestly has no market value. It has worth only to the petitioner and the defendant. In such a case, the value to the petitioner (not being merely fanciful or sentimental) may be the criterion, as in cases touching heirlooms, portraits, manuscripts, and the like. See 38 Cyc. 2093; Green v. Boston Ry. Co., 128 Mass. 221, 35 Am. Rep. 370; Stickney v. Allen, 10 Gray (Mass.) 352; Southern Express Co. v. Owens, 146 Ala. 412, 41 So. 752, 8 L. R. A. (N. S.) 369 and note, 119 Am. St. Rep. 41, 9 Ann. Cas. 1143. No case has been found respecting an account book, but the same principle applies. In the case of converted notes, prima facie the damage is the face value of the notes, with interest; the converter being allowed to show them to be actually of less value. Citizens' Bank v. Shaw, 132 Ga. 771, 65 S. E. 81, and citations. Since a book of accounts is not ordinarily primary evidence of indebtedness, it hardly stands in the same category as a note.

[3] There is no presumption that it was worth the amount of the accounts in it, or that its conversion would cause damage to that extent, and no jury would be likely, under proper instructions, to conclude that such was the case. Still this count discloses that the book had value to the petitioner, and is good against general demurrer. Though the accounts do not strictly measure the damage, their amount and collectibility, and the necessity of having the book to make collections, are relevant to be proved and considered, and the allegations touching these things are not to be stricken. Other special demurrers are not ruled, because not likely to have any helpful bearing on the trial.

[4, 5] The second count, repeating the same general facts, asserts that the petitioner at least had a right of access to the book, but that the defendant, having to make collections from the same identical customers, in order to prevent petitioner from competing for the funds of their common debtors, intentionally refused him possession of or access to the book, to his damage in the amount of his uncollected accounts. This count also must be held to set forth a cause of action. If, by entering his principal's accounts on the book, the principal acquired a right to have and use the book, there was certainly a duty, under all the circumstances, to permit the plaintiff also to have access to his own accounts therein on reasonable demand. If the result of entering both sets of accounts on the one book was to merge the original title into a common right to use by the interested parties, there would be at least no surrender of the plaintiff's right to use reasonably the book for his own collections, especially when delivered to the defendant under a promise to permit such use. If, in point of fact, the information in the book was necessary to the plaintiff to make his collections, and was known to the defendant so to be, and with a purpose of defeating the collections the information was wrongfully withheld, it cannot be said that the failure to collect which arose from that cause was too remote to be recoverable damages. A result intended by a wrongdoer cannot be remote. Civ. Code Ga. 1910, §§ 4510, 4511. Nor is the damage too speculative. While details as to the solvency of each debtor and the amount due by him are not pleaded, as they should ordinarily be, the lack is excused by the allegation that the plaintiff has not the information, and is deprived of it by the willful act of the defendant; the facts alleged being sufficient to reasonably establish that some damage has resulted. Here again the

general and special demurrers must be overruled.

[6, 7] It is thereupon contended that there is a misjoinder of causes of action in that the first count is in tort and the second is in contract, the joinder being contrary to Civ. Code Ga. 1910, § 5521. There is an allegation of a promise to return the book, but it seems rather to be made to rebut any inference that the petitioner was surrendering his right to use the book than as the basis of his right to do so. Doubt as to whether a suit sounds in contract or tort is, in Georgia, generally solved in favor of tort as the cause of action. Seals v. Augusta Southern Railway, 102 Ga. 817, 29 S. E. 116; Central Railroad v. Chicago Portrait Co., 122 Ga. 11, 49 S. E. 727, 106 Am. St. Rep. 87. The second count, in ancient pleading, would have been an action on the case. There is no misjoinder.

Of course, the petitioner cannot have judgment on both counts, since the damages claimed in both are the same; but the fiction of two causes of action is indulged in until the jury comes to make a verdict, when one theory or the other must be chosen, as the evidence may justify. Should the proof fail to establish petitioner's title to the book, the first count will fall, though the second may nevertheless prevail, if proved. It is permissible to thus charge the one case in two different counts. Gainesville Railroad Co. v. Austin, 122 Ga. 824, 50 S. E. 983; Id., 127 Ga. 120, 56 S. E. 254.

Orders may be taken overruling the demurrers.