20558. GEORGIA CASUALTY COMPANY *v.* McRITCHIE.

DECIDED JANUARY 15, 1931.

*Jones, Evins, Powers & Jones*, for plaintiff in error.
*Watkins, Asbill & Watkins, Hall, Grice & Bloch, S. Holderness*, contra.

JENKINS, P. J. Under the practice obtaining in this State, it is permissible to embrace in one petition, in different counts, as many causes of action as the plaintiff sees proper, provided they are of a similar nature. *Cooper* v. *Portner Brewing Co.*, 112 *Ga.* 894 (3) (38 S. E. 91); *McMillan* v. *Heard National Bank*, 19 *Ga. App.* 148, 151 (91 S. E. 235). In permitting such a procedure, contrary to the rule under the common law, the plaintiff is privileged to combine his separate but similar causes of action in one suit and try it as one case, the different causes of actions thus constituting one case. A judgment striking one or more counts

does not dispose of the case so as to constitute a final judgment thereon. It has been several times in effect held by this court that the word "cause" as used in the Civil Code (1910), § 6138, refers to the entire question litigated under the petition, and the cause can not be carried to an appellate court while any portion thereof is pending in the court below, and that, consequently, where a cause of action is set forth in two counts, a dismissal of one of the counts does not permit the case to be carried to an appellate court while the other count is left pending. See *Carhart* v. *Mackle*, 22 *Ga. App.* 520 (96 S. E. 591). In each of the Georgia cases, however, the decisions related to cases where the same cause of action was embodied in separate counts, and no precedent appears to have been made where the different counts relate to separate causes of action. On principle, however, the same rule should control, since, no matter how many separate causes of action a plaintiff may see proper, under the present practice, to embody in the same petition, there would be but one case, which can not be dissected and tried piecemeal, but must be tried as one case. The suit or case might be likened to an ocean liner with separate watertight compartments; since all are a part of the same ship, they must travel together. The identical question, under similar provisions of the law governing appeals, appears to have been determined by the Supreme Court of the United States in Nyanza Steamship Co. *v.* Jahncke Dry Dock, 264 U. S. 439 (44 Sup. Ct. 355, 68 L. ed. 777), wherein it was held that a judgment dismissing three of four causes of action, leaving one undisposed of, is not a complete disposition of the case, so that a review may be had of a ruling on the question of jurisdiction under section 238 of the Judicial Code. There having been no final disposition of the case in the court below, the writ of error must be dismissed as premature.

*Writ of error dismissed. Stephens and Bell, JJ., concur.*