32266.   ROWLAND *v.* GARDNER.

DECIDED APRIL 14, 1949.   REHEARING DENIED APRIL 22, 1949.

*H. A. Wilkinson,* for plaintiff in error.

*R. R. Jones,* contra.

PARKER, J. ■ Special ground 1 of the amended motion for a new trial contends that the verdict is totally null and void for uncertainty and ambiguity and is contrary to law because it does not cover the issues made by the pleadings and the evidence; that, since the case was brought in two counts, first for the recovery for timber cut from the land of the plaintiff, based on the manufactured value of the lumber produced therefrom, and second, for damages based on a trespass to the realty caused by damaging the young trees remaining on the property and injury to growing crops, the verdict in a lump sum, not stating the amount found for the lumber produced from the timber taken from the land of the plaintiff, and not stating the amount found for damages based on a trespass to the realty caused by damaging the young trees and injury to the growing crops, is void for uncertainty and ambiguity. The defendant also contends in this ground of the amended motion that the charge of the court, instructing the jury in substance, if they found in favor of the plaintiff on both counts, to return their verdict in one amount for the entire recovery, is erroneous and misleading.

Special ground 4 of the amended motion contends that the verdict is contrary to law and the evidence, because the evidence does not warrant a finding by the jury that there was a wilful and intentional trespass by the defendant.

Special ground 5 contends that the verdict is contrary to the law and the evidence and is without evidence to support it.

Each of the foregoing special grounds is here considered in connection with the general grounds of the motion for a new trial.

■ Both counts of the petition were supported by some evidence, and the verdict of the jury for $3000 is within its range. As to count 1, the jury was authorized to find that the defendant

cut from the land of the plaintiff a sufficient amount of timber to make, when manufactured into lumber, 38,740 board feet, and that the highest proven value thereof between the time of the conversion and the time of the trial was $100 per thousand. The burden of showing good faith in committing the conversion was upon the defendant, as well as the amount of deduction claimed by reason of expenditures of money and labor in manufacturing the timber into lumber. *Taylor* v. *Hammack*, 61 *Ga. App.* 640 (2) (7 S. E. 2d, 200). The jury was authorized to find that the line between the property on which the defendant had bought the timber and the property of the plaintiff was pointed out to the defendant; that this line was marked through the woods by blazed trees; and that the defendant employed a man to log this timber. The defendant offered no testimony that he had pointed out this line to his logger or otherwise cautioned him not to cross over it. Whether or not the defendant carried the burden of showing his trespass to be innocent or unintentional, was a proper question for the jury, and was by the jury resolved against the contentions of the defendant. *Ingram* v. *Smith*, 62 *Ga. App.* 335 (7 S. E. 2d, 922).

As to count 2, the testimony of witnesses for the plaintiff as set forth in the statement of facts, and the testimony of the plaintiff herself in substance that in her opinion the damage to the young trees left on the property is in the amount of $1000, although weak and somewhat unsatisfactory, authorized the jury to return a verdict for the plaintiff for some amount up to $1000. The measure of damages in cases of trespass to real property is the difference in the value thereof immediately before and immediately after the same is committed, but this may be shown by the opinion of witnesses, admitted without objection, as to the amount of damage which resulted from the destruction of the young trees. *Southern Ry. Co.* v. *Herrington*, 128 *Ga.* 438 (2) (57 S. E. 694).

As has been pointed out, both counts of the petition were supported by some evidence, and it was proper for the jury to return the verdict in one sum without designating how much was found on each count. In *Zemurray* v. *Mansor*, 28 *Ga. App.* 602, 604 (112 S. E. 296), it was held: "It has never been the

practice in this State, where the plaintiff's petition is laid in more than one count, that there should be a verdict on each count, but the practice has been to take a general verdict for such amount as may be found to be due under the evidence on all of the counts." The rule is different where the evidence sustains only one count and the verdict is in a gross sum for the plaintiff without specifying upon which count it is based. *Blanchard* v. *Tucker, Willingham & Co.*, 34 *Ga. App.* 405 (129 S. E. 908); *Southern Ry. Co.* v. *Hardin*, 107 *Ga.* 379 (33 S. E. 436). "A suit in two counts based upon two separate but similar causes of action constitutes but one case." *Georgia Casualty Co.* v. *McRitchie*, 42 *Ga. App.* 488 (156 S. E. 458). While the two counts in the petition in this case were technically on different causes of action, actually the wrongs complained of were embodied in one transaction. The damage sued for in the second count was inflicted in the removal of the timber sued for in the first count, and the causes of action are of such a similar nature that they constitute but one case. Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity. Code, § 110-105. Verdicts should be construed so as to stand if practicable. *Mayor &c of Macon* v. *Harris*, 75 *Ga.* 761 (10).

The presumptions are in favor of the validity of the verdict of a jury. *Southern Ry. Co.* v. *Oliver*, 1 *Ga. App.* 734 (5) (58 S. E. 244). Where a verdict is ambiguous and susceptible of two constructions, one of which would uphold it and one of which would defeat it, it will not on this account be set aside, but will be given a construction which will uphold it. *Atlantic & Birmingham Ry. Co.* v. *Brown*, 129 *Ga.* 622 (4) (59 S. E. 278).

This case comes under the ruling in *Gainesville & Dahlonega Electric Ry. Co.* v. *Austin*, reported first in 122 *Ga.* 823 (50 S. E. 983), and again in 127 *Ga.* 120 (56 S. E. 254). When that case was first before the Supreme Court it was held that each count of the petition set forth a cause of action based on the same transaction, but the causes of action were not the same, and in determining liability different proof would be required and different rules of law would be applicable. This appears in 122 *Ga.* 826. When the case was before the court again it was held

that it was not incumbent on the trial court to deal separately in its charge with the two counts in the petition as though two distinct and independent cases were on trial, nor to instruct the jury to inform the court on which count they found in the event they returned a verdict for the plaintiff.

The verdict is supported by the evidence, the jury was authorized to find that the defendant was a wilful trespasser, and the verdict is not void for uncertainty and ambiguity because it is in a lump sum on the two counts. The general grounds and special grounds 1, 4, and 5 present no good cause for a new trial.

■ Special grounds 2 and 3 contend that the trial court erred in charging the jury in substance that, in the event they found the defendant removed timber from the plaintiff's land as a wilful trespasser, then the plaintiff would have the right to elect and accept the highest proven value for the manufacture of the lumber between the time it was cut and removed and the trial of the case. It is contended that at most, under Code § 105-2013, the right of the plaintiff was limited to the recovery of the full value of the property at the time and place of demand or suit, without deduction for the labor and expense of the defendant. It is also contended that the charge complained of was based on the law of trover, and that the action in the instant case is one of trespass to which the charge on trover had no application. It is true that count 2 of the petition alleged a case of trespass quare clausam fregit, but it is for the recovery of damages to the young timber left and is not for the same timber that was taken from the property. The action for the timber taken from the land is confined to count 1, and is an action in trover. *Taylor* v. *Hammack,* supra; *McCann Lumber Co.* v. *Hall,* 77 *Ga. App.* 455 (2c) (49 S. E. 2d, 150). In trover cases, where there are to be no setoffs or credits and the suit is for the value of the property detained, the plaintiff may recover the highest amount which he shall prove between the time of the conversion and the trial. Code, § 107-103.

The leading case on this subject is *Milltown Lumber Co.* v. *Carter,* 5 *Ga. App.* 344 (63 S. E. 270). In that case Judge Powell, speaking for this court, wrote a very exhaustive opinion

holding that where timber is wrongfully cut from land and carried away, the owner has an election of remedies. He may sue in trespass quare clausam fregit, or since the trees become personalty when severed, he may maintain trover or any other form of action appropriate to recovering the possession of personalty, or for damages for the injury to or conversion of that class of property. After discussing the history and origin of § 3918, Code of 1895, which is the same as § 105-2013, Code of 1933, Judge Powell reached the conclusion that the Code section primarily relates only to trover suits, and stated that, "Until some other basis for recovery appears in the evidence, the plaintiff is entitled to recover, at his election, either the full value of the property at the date of the conversion, . . or the highest amount which he can prove between the time of the conversion and the trial," citing *Jaques* v. *Stewart*, 81 *Ga.* 81 (6 S. E. 815); *Bank of Blakely* v. *Cobb*, 5 *Ga. App.* 289 (63 S. E. 24).

The *Milltown Lumber Company* case holds that Code § 105-2013 applies to trover cases, and that subparagraph 1 thereof, providing that, "Where defendant is a wilful trespasser, [the measure of damage is] the full value of the property at the time and place of demand or suit, without deduction for his labor or expense," does not limit the plaintiff to the recovery of a lesser measure of damage than that provided for in trover cases generally, because the decisions from which the Code section originated did not so limit the recovery of the plaintiff. Accordingly, the jury in the instant case was authorized to find for the plaintiff the highest proven value between the time of the conversion and the trial. The action in count 1, being in trover and for damages, amounted to an election for such recovery. See *McCann Lumber Co.* v. *Hall*, supra, headnote 2.

The case of *Tennessee, Alabama and Georgia Ry. Co.* v. *Zugar*, 193 *Ga.* 386 (2) (18 S. E. 2d, 758), does not overrule *Milltown Lumber Co.* v. *Carter*, supra, as to the measure of damages in trover cases growing out of the wilful cutting and carrying away of timber provided for in Code § 105-2013. The *Milltown Lumber Company* case was cited by the Supreme Court in the *Zugar* case, which shows that it did not disapprove the rule laid down therein.

The excerpts from the charge complained of in special grounds 2 and 3 do not show error, and these grounds of the amended motion are without merit.

The court did not err in overruling the motion for a new trial as amended.

. This case was considered by the whole court as provided by the act approved March 8, 1945 (Ga. L. 1945, p. 232).

*Judgment affirmed. MacIntyre, P. J., Gardner and Townsend, JJ., concur. Sutton, C. J., and Felton, J., dissent.*

FELTON, J., dissenting. One ground of the motion for a new trial is an exception to the charge of the court, directing the jury to find for the plaintiff in a lump sum if they found for the plaintiff on both counts, the exception being that the defendant was entitled to know how much was found on each count or how much was found on only one count, and whether or not in such case the jury found anything on the other count. We think that the complaint is meritorious. Both counts set forth a good cause of action with different measures of damage, both allowable at law if proved. No election between the two counts could have been demanded by the defendant. There was no evidence to authorize a finding that there was any damage to to the realty under count two, the evidence of the plaintiff in this respect being: "I observed that they had done a little damage to the young timber. In getting it out they ran over the young trees. I asked for $1000 damage done on account of that and I do not think I was unreasonable." We do not think that the testimony of the plaintiff amounted to a statement of her opinion under oath as to the actual damage done either with or without the slight facts given upon which her statement was apparently based. The facts do not bring this case within the rule in *Central of Georgia Ry. Co.* v. *Banks,* 128 *Ga.* 785 (58 S. E. 352), and *Gainesville & Dahlonega Electric Ry. Co.* v. *Austin,* 127 *Ga.* 120 (4) (56 S. E. 254). The rule in *Southern Ry. Co.* v. *Hardin,* 107 *Ga.* 379 (33 S. E. 436), more nearly applies. There it was held that, where the evidence did not authorize a verdict under one of two counts, a general verdict could not stand because of the uncertainty as to whether it was rendered on the count which was or was not proved. See also *Blanchard*

162

v. *Tucker, Willingham & Co.,* 34 *Ga. App.* 405 (129 S. E. 908). In this case it cannot be determined whether part of the verdict was based an the second count. Sutton, C. J., concurs in the foregoing dissent.