33969. FLINT EXPLOSIVE COMPANY *et al. v.* EDWARDS.

DECIDED MAY 22, 1952—REHEARING DENIED JULY 3, 1952.

*W. H. Miller, S. B. Lippitt*, for plaintiffs in error.

*R. E. Wheeler, H. G. Rawls, Custer & Kirbo*, contra.

FELTON, J. ■ The plaintiffs in error insist on only one reason why the general demurrers to counts two and three should have been sustained, and that is that these counts allege that the plaintiff was instructed to place the dynamite under the stump *before* lighting it; and that, since he further alleged that he did not follow such instructions, but lighted the dynamite while it was still in his hand, he was, therefore, barred by his own negligence. The plaintiffs in error contend that the petition as it appeared on the prior appeal had a different meaning from the allegations with reference to this particular matter as they

now appear in counts two and three. This contention is without merit for two reasons: The wording of the original petition, interpreted on the prior appeal, and the wording, as to this matter, in counts two and three are identical. They are that the plaintiff was instructed as follows: "In each stick of dynamite, a cap was to be inserted and extending from the cap one foot of fuse, the end of the fuse farthest away from the cap inserted in the stick of dynamite to be ignited, and the dynamite inserted under the stump." This court on the prior appeal interpreted this allegation to mean that the instruction was that the fuse be lighted *before* it was placed under the stump. The court paraphrased the allegation and inserted the word "was" before the phrase "to be ignited," and such interpretation becomes the law of the case, inasmuch as the alleged improper instruction was a primary element in the showing of negligence, and such an interpretation precluded the holding that the plaintiff was barred by his negligence in violating instructions. Furthermore, such an interpretation is the only reasonable interpretation to be placed on the language under discussion insofar as the time when the fuse was to be lighted is concerned. It would be a far-fetched and strained construction to construe the allegations to mean that the reference was to the dynamite's being ignited rather than the end of the fuse. The fact that one of the attorneys for the plaintiff stated in his opening argument that the allegation meant what the defendants contend it meant would not alter the case. Further on in his opening statement, the counsel for the plaintiff made other statements inconsistent with the one just referred to and showed that the former was due to carelessness or inadvertence. At any rate, the defendants were not prejudiced or misled because the case was tried on the theory that the instruction given was that the fuse was to be lighted *before* the dynamite was placed under the stump. The court did not err in overruling the general demurrers to counts two and three.

■ The special demurrers to counts two and three were properly overruled. By amendment the plaintiff alleged that the acts alleged constituted the proximate cause of the injuries to the plaintiff. In view of the ruling of this court on the prior appeal, we cannot now say that the matters referred to in these demur-

rers were as a matter of law not a proximate cause of the injuries.

■ In view of the fact that this case is being reversed in effect because count three was not supported by the evidence, we deem it unnecessary to rule on ground "G" of the amended motion.

■ In view of the reversal of this case, it is not necessary to pass on the question whether or not the court erred in refusing to give a requested charge on the care which should have been exercised by the plaintiff.

■ There are various grounds of the amended motion assigning error on the court's refusal to give requested charges, each of which requested the withdrawal of some specification of negligence from the consideration of the jury. In view of the fact that most of these grounds involve matters relating to the third count of the petition, and in view of the fact that the case will probably be tried again, we do not think that any useful purpose will be served by ruling on these assignments of error.

■ Error is assigned on the verdict as being contrary to law and void, in that it failed to state upon which count the jury found a verdict, and that the evidence did not authorize a verdict on both counts. We think that this assignment is meritorious. The evidence is voluminous and we do not propose to set it forth in detail. We do not think that the evidence supported a finding that the defendants were guilty of wilful and wanton misconduct. Where "the evidence shows that the plaintiff is entitled to have a recovery for one of the tortious acts alleged to have been committed, and is not entitled to recover for the other of such alleged acts, and under the charge of the court the jury could have properly based their verdict on either one or both, and a verdict finding a gross sum for the plaintiff was returned, it can not legally stand, because of the uncertainty as to whether it was rendered in satisfaction of the tortious act proved or that submitted which was not proved." *Southern Railway Co.* v. *Hardin,* 107 *Ga.* 379, 380 (33 S. E. 436); *Blanchard* v. *Tucker, Willingham & Co.,* 34 *Ga. App.* 405, 406 (129 S. E. 908). Under the principles announced in this case on the prior appeal, we do not think that the evidence is sufficient to show that either defendant knew that his conduct would inflict injury, or that on account of any attendant circumstances which were known to them, or with knowledge of which they were

chargeable, the inevitable and probable consequences of their conduct would be to inflict injury, and with reckless indifference to the consequences of their conduct, they committed the acts charged or omitted to do their duty to avoid the threatened injury. The conduct proved does not show a wantonness equivalent in spirit to actual intent. *Lanier* v. *Bugg,* 32 *Ga. App.* 294, 297 (123 S. E. 145); *Central of Ga. Ry. Co.* v. *Moore,* 5 *Ga. App.* 562, 565 (63 S. E. 642). The plaintiff contended that J. C. Barrett, an officer and agent of Flint Explosive Company, sold the dynamite, caps and fuse to him and instructed him how to use them; but the evidence did not support the charge that Barrett was incompetent, inexperienced, and unqualified to properly and safely handle and sell said articles and give instructions as to the proper use thereof. There was no evidence to support the charge that Flint Explosive Company had not and could not qualify for a license to possess, control, and sell explosives under Chapter 88 of the 1933 Code. There was no evidence that duPont maliciously and wilfully procured Flint Explosive Company to sell dynamite to the plaintiff knowing that it had not and could not qualify for a license and knowing that its employees were incompetent, inexperienced, and unqualified to handle, possess or sell explosives. There was no evidence to support the charge that in handling, selling, and distributing dynamite, caps and fuses to the public and plaintiff, the defendants have brazenly, wilfully, and wantonly violated the customs of the industry and wilfully failed to comply with any of said customs. There was no evidence that the employees and officers of Flint Explosive Company did not know the correct procedure for selling, handling, and exploding dynamite, or that duPont had any actual knowledge that Flint was selling it to persons inexperienced in handling it, or that Flint was selling and giving erroneous instructions as to how to explode it. In short, the evidence does not show a conscious indifference amounting to wantonness or actual intent to expose another to a known danger, especially the danger it was contended caused the injuries.

We are not passing on the question whether the evidence was sufficient to authorize a finding of simple negligence against du-Pont. Just what the duties of duPont were under the rules and

customs of the industry to superivse, inspect, investigate, and instruct, etc., and whether a violation of these duties, whatever they were, was a proximate cause of the plaintiff's injuries, is subject to considerably more clarification. It goes without saying, of course, that if Barrett gave the instructions he is charged with giving, a finding that he was negligent would be authorized, and his negligence would have to be compared with the negligence of the plaintiff if he was negligent in any degree. Neither are we passing upon the question as to whether the evidence shows that it is possible or reasonably probable that the dynamite cap could have been exploded by a spark from the end of the fuse as contended by the plaintiff, especially in view of the plaintiff's testimony that the cap and fuse were tightly inserted. It is hoped that these two controlling issues will be clarified by additional evidence on another trial.

The court did not err in overruling the demurrers. The court erred in overruling the motion for a new trial.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*