MURPHY TRUCK LINES

*v.*

WESSON EARL BROWN et ux.

(*Jackson,* April Term, 1958.)

Opinion filed April 9, 1958.

Rehearing Denied May 2, 1958.

GLENN M. ELLIOTT and JAMES N. CLAY, III, Memphis, for defendant-petitioner.

GEORGE E. MORROW and MARTIN & TATE, Memphis, for plaintiffs-respondents.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This appeal presents the following question for decision: where the trial judge has approved the verdict of the jury for and on behalf of the plaintiffs, but suggests

a *remittitur* of 50 per cent of the verdict which is accepted under protest, what supervisory authority does the Court of Appeals have with respect to a restoration of the original verdict, or a part of the *remittitur* suggested by the trial court?

We granted *certiorari* and filed with the record the following *Per Curiam* Opinion:

"This case originated in the Circuit Court of Shelby County wherein the plaintiffs sued the defendant for damages for the negligent and unlawful killing of their six and a half (6½) year old daughter, who was run over and killed by the defendant's truck at the intersection of Lamar Avenue and Woodward Street in Memphis, Tennessee, on July 12, 1955. The declaration charged different acts of negligence which need not be here stated in detail. The defendant plead the general issue of not guilty and also filed special pleas alleging that the accident was proximately caused by the negligence of the parents of the deceased child, and also the negligence of the child.

"The jury returned a verdict in favor of the plaintiffs and against the defendant in the sum of $25,000.00. The trial judge suggested a *remittitur* in the amount of $12,500.00, which was accepted by the plaintiffs under protest. The defendant appealed to the Court of Appeals assigning numerous errors. The plaintiffs likewise appealed from the action of the trial judge in suggesting the *remittitur* of $12,500.00. Both appeals were seasonably granted and perfected.

"The Court of Appeals upon due consideration of appropriate assignments of error held that the trial

judge was in error in suggesting the *remittitur* and entered judgment, as follows:

" 'With all deference to His Honor, the Trial Judge, we are of opinion that he was in error in suggesting a *remittitur* of 50% of the judgment. In our opinion the verdict of the jury should not have been reduced below $20,000.00.

" 'Therefore, the plaintiffs' assignment of error will be sustained and $7500.00 of the *remittitur* will be restored. Judgment will be entered in this court in favor of the plaintiffs in the amount of $20,000.00 together with interest from July 11, 1956, the date the motion for a new trial was overruled in the court below.'

"Judge Bejach concurred with Judge Carney in the foregoing opinion, while Presiding Judge Avery filed a dissenting opinion, holding that the judgment of the trial court in suggesting the *remittitur* should be affirmed.

"The defendant, Murphy Truck Lines, has filed its petition for *certiorari*, which is granted. The counsel will confine their argument to the one assignment of error, to wit, was the Court of Appeals in error in restoring a part of the *remittitur* of $12,500.00 and entering judgment in the amount of $20,000.00 in favor of the plaintiffs?' "

We will refer to the parties as they appeared in the trial court, Mr. and Mrs. Brown as plaintiffs (parents of the little girl who was killed in this accident) and Murphy Truck Lines as the defendant.

The trial judge suggested the *remittitur* on the ground that the verdict for the plaintiffs in the sum of $25,000 was excessive. There is material evidence in the record to show that the plaintiffs, who are the beneficiaries of this judgment were guilty of contributory negligence in sending the deceased, a six and one-half year old child, to the store for a ten cent package of starch, knowing she would have to cross and recross a dangerous street intersection. All the facts, including pictures of this intersection, show that it was a heavily traveled street crossing. So much so that it required a traffic light to control the movement of automobiles and pedestrians. However, the question of contributory negligence of the plaintiffs was submitted to the jury over the objection of the defendant, the latter insisting that such negligence was proximate as a matter of law and barred the plaintiffs' suit.

But the courts below concurred in holding that the alleged contributory negligence of the parents was remote rather than proximate. We feel bound by this concurrent finding, at least to the extent that we cannot deal with the defendant's contention that its motion for a directed verdict should have been sustained.

Contention is made by defendant's counsel that the Court of Appeals erred (1) in not sustaining the action of the trial judge in suggesting the *remittitur* and (2) in restoring a part of it.

On the contrary the plaintiffs' counsel insist that it was the duty of the Court of Appeals to restore the entire amount of the jury's verdict of $25,000 and erred in not doing so.

There are no issues of fact to be dealt with in this case. The legal questions presented in the assignments of error relate solely to the authority of the trial judge to suggest a *remittitur* and the authority of the Court of Appeals to set aside such a *remittitur* and approve the original verdict or to suggest an additional sum as a *remittitur*.

■ It is settled law in this State that a trial court may suggest a *remittitur* in any case involving unliquidated damages where the amount of the verdict is excessive. Thus in *Grant v. Louisville & N. Railroad Co.*, 129 Tenn. 398, 165 S.W. 963, the Court held:

"The power of the trial court to suggest a *remittitur*, in a case of tort involving unliquidated damages, may be exercised where the verdict is merely excessive, and is not limited to cases where passion, prejudice, or caprice on the part of the jury appears."

Many decisions are cited with approval which reflect the great weight of authority.

Our cases are well nigh unanimous in holding that where the Court of Appeals concurs with the trial judge as regards the verdict, that is, in approving the suggested amount of the *remittitur* by the trial judge and not otherwise disturbing it, the question is thus practically foreclosed. *Lambert Bros. v. Larkins*, 200 Tenn. 674, 296 S.W. 2d 353, citing Section 27-119, T.C.A.

Of course, where the amount of the *remittitur* is approved by the Court of Appeals, the party aggrieved thereby is entitled to have this Court review and correct the error, if any, by petition for *certiorari*. (Section 27-119, T.C.A.)

The statutes controlling the right to an appellate review of errors in suggesting a *remittitur* appear in Sections 27-118 and 27-119, T.C.A. Code Section 27-118 reads, as follows:

"In all jury trials had in civil actions, after the verdict has been rendered, and on motion for a new trial, when the trial judge is of the opinion that the verdict in favor of a party should be reduced, and a *remittitur* is suggested by him on that account, with the proviso that in case the party in whose favor the verdict has been rendered refuses to make the *remittitur* a new trial will be awarded, the party in whose favor such verdict has been rendered may make such *remittitur* under protest, and appeal from the action of the trial judge to the Court of Appeals; and if, in the opinion of said Court of Appeals, the verdict of the jury should not have been reduced, but that the judgment of the trial court is correct in other respects, the case shall be reversed to that extent, and judgment shall be rendered in the Court of Appeals for the full amount originally awarded by the jury in the trial court."

Section 27-119, referred to herein, provides for the right of review by this Court on petition for *certiorari* to consider if error was committed with regard to suggesting a *remittitur,* or increasing the amount of the trial judge's *remittitur.* The pertinent part of Section 27-119 reads as follows:

"* * * and if in the opinion of the Supreme Court the verdict should not have been reduced, and the Court of Appeals was in error in affirming the action of the trial court, as to said *remittitur,* or if said Court of Appeals was, itself, in error in suggesting a *remittitur*

for the first time in that court, or in suggesting a further or larger *remittitur* than that suggested in the trial court, and if the judgment is otherwise correct, the case shall be reversed to that extent, and judgment shall be rendered in the Supreme Court for the full amount originally awarded by the jury or the trial judge sitting without a jury, as the case may be.''

■ Now in the case at bar we cannot say ''that the verdict should not have been reduced''. It conclusively appears that both the trial court and the Court of Appeals *agreed* that the verdict of the jury *should have been reduced*, the former in the amount of $12,500 while the latter held this to be excessive and suggested remitting $7,500 of this amount. We feel that we are bound by their respective opinions, holding that the verdict should have been reduced. *Lambert Bros. v. Larkins, supra.*

■ In considering the point of disagreement between the two courts the only problem before this Court is the extent of the Court of Appeals' authority to revise the judgment, i. e. to deduct $7,500 from the $12,500 and affirm a major part of the original judgment of $25,000. Under the statute (Section 27-119) conferring power upon the court to restore the original judgment, upon finding that the trial court's suggested *remittitur* was error, would not the Court of Appeals have the power to reinstate a part of the original judgment? We think this inquiry must be answered in the affirmative. We reach this conclusion based upon the sound hypothesis that if the Court of Appeals can correct the error of the trial judge in declining to suggest any *remittitur* (Section 27-119, T.C.A.), does not the authority exist, by clear implication, that the trial court was in error in suggesting

a *remittitur* that was excessive? This is indeed a most delicate question for us to decide. However, we think the over all purpose of the foregoing Sections of the Code require this interpretation. The revisory authority of the appellate courts, the Court of Appeals in the instant case, was to avoid repeated trials of factual issues and at the same time do equal justice to the parties. The clear legislative intent, as reflected in the foregoing Sections of the Code, was to confer upon the appellate courts full power and authority to revise and correct all errors consistent with recognized rules of appellate practice and procedure.

It is true that the final judgment, after a reduction by the appellate court, does not have the approval of the trial judge, as in the case at bar, but the plaintiffs' right to a recovery had his approval. The situation is analogous to that of the appellate court's authority to reinstate a judgment claimed to be valid in a wayside bill of exceptions, and which on the first trial had been disapproved by the trial court.

We cannot agree with the plaintiffs' contention that it was error for the Court of Appeals not to reinstate the original judgment. While there is an expression in *Lambert Bros. v. Larkins, supra,* which suggests that this was its duty pursuant to its right of revision to correct errors, we feel that the authority to do so, as well as to correct other errors, rests within the sound discretion of the court. It was not the intention of the Legislature to set up an arbitrary rule to be followed by the courts in every case. Any such attempt to limit the judgment of the courts would come close to the exercise of a judicial function.

We do not think the case of *Waller v. Skelton,* 186 Tenn. 433, 211 S.W. 2d 445, controls the case at bar. In that case the plaintiff was free from any and all negligence. The learned trial judge suggested a *remittitur* on the ground that the verdict of the jury was the result of passion, prejudice and unaccountable caprice. This Court held that there was no evidence to support the reasons for suggesting the *remittitur,* and that the Court of Appeals was correct in reinstating the verdict of the jury.

The case has not been without its difficult aspects. But, for reasons stated in the foregoing opinion, we are constrained to affirm the judgment of the Court of Appeals, and it is so ordered.

On Petition to Rehear.

The Murphy Truck Lines has filed its petition to rehear in this case complaining:

"We present that the Court has neither considered nor adjudicated the question whether the award by the Court of Appeals of $20,000.00 to parents, found guilty of negligence contributing to the death of their 6½ year old child, is excessive, and whether such Court adopted improper criteria in arriving at such figure."

We think the counsel is mistaken in the foregoing insistence, since the original opinion discusses every issue made on this appeal. We not only considered every fact and the ruling of the Court of Appeals as disclosed in the majority opinion of the court, but gave due consideration to the thoughtful dissenting opinion of Judge Avery.

The petition to rehear is a review and reargument of cases which were considered in the original opinion, except possibly *Management Services v. Hellman,* 40 Tenn. App. 127, 289 S.W. 2d 711. However, this case was cited in the briefs of both the petitioner and the respondents. It was duly considered, although not distinguished by us from other cases which we thought controlling.

Responding to the argument of counsel that the final award in the case at bar is grossly excessive when compared to an award in *Cheek v. Fox,* 7 Tenn.Civ.App. 160; and *Koehn v. Hooper,* 193 Tenn. 417, 246 S.W. 2d 68, we cannot consider the facts appearing in those and other cases as persuasive on the question of contributory negigence in the case at bar and what amount should be deducted from the amount of damages the plaintiff would otherwise be entitled to recover and thus decide the case.

We feel that every material issue in the case was given full, fair and impartial consideration by the Court, and the petition for rehearing should be denied. It is so ordered.