526

# JAMES W. FITZSIMMONS v. BUFORD T. BROCK.
## —330 S. W. (2d) 563.

Eastern Section.   November 7, 1958.

Certiorari Denied by Supreme Court January 23, 1959.

Wade H. Leonard, Rossville, Ga., for plaintiff in error.

Coffey, Durand & Coffey and Charles S. Coffey, Jr., Chattanooga, for defendant in error.

McAMIS, P. J.  Buford T. Brock sued James W. Fitzsimmons in the Circuit Court of Hamilton County to recover for personal injuries sustained and for damages to his motorcycle resulting from a collision with defendant's automobile.  Defendant Fitzsimmons filed a counter action for $450 which he alleged represented damages to his automobile when negligently struck by the motorcycle.  Pleas were filed both to the original and cross declarations and, on these pleadings and the evidence, the jury returned a verdict for the original plaintiff for $4,250, for personal injuries and $750 for damage to the motorcycle.  The cross action was dismissed.

Although no question is made as to the verdict for personal injuries in the amount of $4,250 being excessive, it is insisted that the action of the jury in returning a verdict for an amount $379 in excess of the undisputed evidence as to the value of the motorcycle shows such caprice and misconduct that the entire verdict should have been set aside and a new trial granted.  On this ground alone it is said the court erroneously attempted to correct an illegal verdict and assumed the fact finding functions of the jury.  We can not agree.

In the first place, there was no dispute as to the value of the motorcycle or that it was a total loss.  The undisputed evidence is that the motorcycle had a value, at the time of the accident, of $371 and that it would cost more

than that amount to repair it. When the jury returned into court with a verdict for $750 for the motorcycle, the Court advised the jury that this amount was in excess of the value of the motorcycle. The plaintiff's attorney then suggested that this was a matter which could be corrected by remittitur on defendant's motion for a new trial; whereupon the jury was discharged.

On hearing the motion for a new trial the Court suggested a remittitur of $379 which was accepted by plaintiff under protest. Defendant's motion was then overruled and judgment was rendered for $4621.

■ There is no evidence of misconduct on the part of the jury unless it be implied from the finding as to damages to the motorcycle. Certainly, there is none as to the verdict for personal injuries. The jury simply disregarded or overlooked the evidence as to the value of the motorcycle or attempted to draw upon its own knowledge in fixing the amount. This is not misconduct impairing the integrity of the verdict. It is an everyday occurrence that jury verdicts are reduced by remittitur because too large in the opinion of the presiding judge. This procedure is fully authorized under T. C. A. sec. 27-118. See also Telegraph Co. v. Frith, 105 Tenn. 167, 58 S. W. 118; Tenn. Procedure in Law Cases, Higgins and Crownover, Sections 600, 601.

■ It is hardly necessary to point out that even if this was error (which we hold it was not) it was harmless error in the absence of any assignment as to the verdict for personal injuries and the amount of the same. The undisputed evidence, as stated, shows that the verdict, as reduced, represents the value of the motorcycle.

Affirmed at defendant's costs.

Hale and Howard, JJ., concur.