COOK & NICHOLS, INC., Appellant-
Appellee,

v.

PEAT, MARWICK, MITCHELL & COM-
PANY, Appellant-Appellee.

Court of Appeals of Tennessee,
Western Section.

Dec. 29, 1971.

Certiorari Denied by Supreme Court
May 15, 1972.

Henry L. Klein, Rickey, Shankman, Agee & Harpster, Memphis, for plaintiff in error.

Thomas F. Johnston, Memphis, for defendant in error; Armstrong, Allen, Braden, Goodman, McBride & Prewitt, Memphis, of counsel.

MATHERNE, Judge.

The plaintiff contractor alleges certain books and records were negligently lost by the defendant international accounting firm while in the possession of the defendant. The plaintiff owner of the books and records sues for damages resulting from the loss thereof.

The jury awarded a verdict of $30,000.00 which the Trial Judge, on motion for new trial, reduced to $250.00 by suggestion of remittitur.

The plaintiff appeals on the one issue that the suggestion of remittitur was error, and prays that it be restored in whole or in such amount as this Court deems proper. The defendant agrees with the judgment as remitted; but in the event this Court should restore the remittitur, the defendant appeals on the grounds the Trial Court erred in the allowance of evidence tending to show malpractice on the part of the defendant and erred in refusing to charge the defendant's special request on mitigation of damages.

After a review of the record, this Court is placed in the position of having to grant a new trial in this cause, when neither party really wants that relief. We will therefore comment only to the extent necessary in order to show the basis upon which we remand for a new trial.

The plaintiff entered into a joint-venture with one Mayer Godchaux whereby the parties were to install the air-conditioning and heating system in the International Trade Mart Building being constructed in New Orleans, Louisiana. At the suggestion of Godchaux, the defendant was employed to keep the accounts of the joint-venture. After a time the plaintiff concluded that Godchaux was making off with some funds of the joint-venture and brought suit in the courts of Louisiana for a dissolution of the joint-venture, which resulted in that court ordering all books and records of the joint-venture turned over to the defendant. Thereafter, Godchaux filed a Petition for Bankruptcy and was ultimately discharged. The plaintiff purchased from the Trustee in Bankruptcy all the assets, liabilities, and property of the joint-venture for the sum of $250.00. Later the plaintiff requested the books and records from the defendant, and was advised by the defendant that the books and records had been lost some eight months earlier when the defendant moved its offices from one building to another in New Orleans. The present suit was filed in the Circuit Court of Shelby County, Tennessee alleging negligence on the part of the defendant in losing the books and records of the joint-venture, and fraud in concealing the loss. Both compensatory and punitive damages were sought.

In summary, the plaintiff presented proof it is now involved in four lawsuits concerning affairs of the joint-venture. Plaintiff submitted proof the lost books and records are material to its prosecution or defense of these lawsuits. The defendant presented proof it gave to the plaintiff copies of the instruments needed in some of the lawsuits, and that secondary evidence is available to prove the contents of other lost records. The defendant further pled and proved it stood ready and able, and had offered, to reconstruct from its own books and records most of the information contained in the lost documents.

The plaintiff countered this offer of assistance by averring and proving it had lost all confidence in the defendant, and proceeded to prove various acts of the defendant in connection with the joint-venture which could be deemed malpractice.

The Trial Judge on motion for new trial did expressly approve the verdict of the jury in every respect except the amount thereof. It is also apparent from the record that the Trial Judge disapproved the amount of the verdict because of his holding that the measure of damages was the $250.00 the plaintiff paid to the Trustee in Bankruptcy, and for that reason the verdict was excessive.

■ The measure of damages for the loss of personal property by a bailee, which property has no market value, is the actual value of the property to the owner. Bateman v. Ryder (1901) 106 Tenn. 712, 64 S. W. 48.

■ The absence of a market value for personal property converted or negligently lost or damaged will not restrict the owner thereof to nominal damages. Where a market value cannot be given the article or property, its value, or the plaintiff's damages, should be ascertained in some other rational way and from such elements as are obtainable. Nashville R. & Light Co. v. Harrison (1927) 5 Tenn.App. 22, citing: Southern Express Co. v. Owens (1906) 146 Ala. 412, 41 So. 752, 8 L.R.A., N.S., 369.

To arrive at damages in some rational way other than the market value of the article negligently lost would vary with the circumstances of the particular case. In some instances that damage might be the cost of the property lost; in others, it would be the loss of the use of the items lost. In the case at bar, the books and records lost have a special value to the plaintiff, governed largely by his need for them in the pending lawsuits, and other

claims, and the purposes for which they might there be utilized. See .and compare: Drake v. Auerbach et al. (1887) 37 Minn. 505, 35 N.W. 367.

■ We conclude it was error to limit the plaintiff's damages to the $250.00 it paid the Trustee in Bankruptcy. The Trial Judge properly charged the jury to the effect that the plaintiff's right to the use of the books and records is a property right in the plaintiff, and if the defendant by its negligence loses the books and records and thereby deprives the plaintiff of the use thereof, the defendant's act does constitute an injury to the plaintiff. The Trial Judge did, however, on motion for new trial, erroneously apply the "cost of the article" measure of damages.

■ The Trial Judge correctly charged the jury that the burden was on the plaintiff to prove the damages resulting from the loss of the books and records. We hold, however, the Trial Judge, in ruling on the motion for new trial, erred in his conclusion on the subject of the burden of proof when he stated: "This burden requires him (plaintiff) to show that 'but for' the loss of the books and records he would win or lost his lawsuits. But these lawsuits are still pending. No loss has been sustained yet."

■ We hold the foregoing is not a proper rule and the plaintiff is not under the burden as therein stated. The lawsuits may be won or lost because of any one or more of a variety of reasons. The burden on the plaintiff is to show the need and importance of the documents to it in the prosecution or defense of the lawsuits, and that without the documents it is hampered or prevented from asserting its prosecution or defense. The defendant can show, on the other hand, the documents are not needed by the plaintiff in the lawsuits; or if needed, the information they contain can be otherwise submitted. Thus would be

framed the issue of fact whether the plaintiff was thereby damaged; and, if so, the jury would convert that damage to dollars and cents.

■ We further hold it is not necessary for the plaintiff to wait until the various lawsuits are terminated before it can bring this lawsuit against the defendant. Even if the plaintiff proved it needed the lost documents to prosecute or defend a lawsuit effectively, and further proved it did not have the documents because of the negligent loss thereof by the defendant, it would not necessarily follow that the absence of the documents resulted in the loss of the lawsuit. Neither could it be argued in that situation that the measure of damages to the plaintiff would be the amount involved in the lawsuit. See and compare: Richards v. International Agricultural Corp. (N.D.Ga., 1926) 10 F.2d 218.

■ We conclude the Trial Judge erred in the remittitur suggested. This Court under T.C.A. § 27–118 can reinstate. a remittitur in whole or in part. Murphy Truck Lines v. Brown (1958) 203 Tenn. 414, 313 S.W.2d 440. We cannot, however, reinstate the remittitur if the defendant is entitled to a new trial under its assignments of error.

■ Generally, one who is injured by the wrongful or negligent act of another, whether by tort or breach of contract, is bound to exercise reasonable care and diligence to avoid loss or to minimize or lessen the resulting damage, and to the extent that his damages are the result of his active and unreasonable enhancement thereof, or due to his failure to exercise such care and diligence, he cannot recover. Gilson v. Gillia (1958) 45 Tenn.App. 193, 321 S.W.2d 855, citing: 15 Am.Jur., Damages, § 27, p. 420.

The defendant presented proof that its work papers contained a complete and ade-

**546**

quate detail and resume of many events which occurred in the joint-venture, and which were reflected in the books and records of the joint-venture which are lost. The defendant's evidence was to the effect this information was available to the plaintiff, but the plaintiff refused to use it. The defendant therefore insists the plaintiff has not acted with reasonable care and diligence to minimize its damages, and the defendant was entitled to an instruction on the duty of the plaintiff to so act.

The Trial Judge instructed the jury as to when and how secondary evidence could be used in a lawsuit; he also instructed the jury it could not consider any evidence of malpractice on the part of the defendant. The Trial Judge did not, however, instruct the jury on plaintiff's duty to mitigate damages, and refused the defendant's special request on that subject.

 Under the proof the jury had before it much testimony and numerous exhibits which directly related to plaintiff's opportunity and ability to mitigate damages; the plaintiff in turn had its proof before the jury as to why it did not avail itself of these opportunities to lessen its damages. The jury had to weigh and pass on this evidence which was most material on the question of the amount of the damages. It was essential, under this record, that the jury be instructed on the law applicable to the plaintiff's duty to mitigate damages. We hold the Trial Judge erred in failing to so instruct the jury, and the defendant's Assignment of Error II is sustained.

It results this cause is remanded to the Circuit Court of Shelby County, Tennessee, for a new trial. The accumulated costs in the Trial Court and in this Court are adjudged one-half against the plaintiff and one-half against the defendant. The cost of the new trial shall abide the orders of the Trial Court.

CARNEY, P. J., and NEARN, J., concur.