## INTERNATIONAL MINERALS AND CHEMICAL CORPORATION, Plaintiff-Appellee,

v.

## CROWN CATTLE COMPANY, Defendant-Appellant.

Court of Appeals of Tennessee, Western Section.

Dec. 27, 1974.

Certiorari Denied by Supreme Court May 5, 1975.

Hunter, Smith, Davis, Norris & Treadway, Edwin L. Treadway, John P. Chiles, Kingsport, for defendant-appellant.

Wright & Minor, Kingsport, for plaintiff-appellee.

CARNEY, Presiding Judge.

The defendant, Crown Cattle Company, has appealed from a judgment of $3,578.50 rendered in favor of the plaintiff below, International Minerals and Chemical Corporation. The suit was brought for fertilizer delivered by the plaintiff to farmlands of the defendant in Greene County, Tennessee, and Washington County, Tennessee. The defendant did not deny that the fertilizer had been delivered to the farmland but contended that the plaintiff delivered more pounds per acre than the defendant had contracted for. The case was tried to a jury which found in favor of the plaintiff.

Plaintiff delivered 509 pounds per acre on two Greene County farms totaling 334 acres and delivered 473 pounds per acre on a 131-acre Washington County farm. It was the contention of the defendant that it had a firm contract with the plaintiff for the delivery of only 300 pounds per acre.

Plaintiff billed the defendant for $6,507.98 for the fertilizer on the two Greene County farms. Of this amount, the defendant paid plaintiff $3,829.14. Plaintiff billed the defendant for $1,999.50 for the fertilizer spread on the Washington County farm and the defendant paid the plaintiff $1,267.43. Defendant refused to

pay the difference of $3,578.50. Thereupon the plaintiff brought suit.

Mr. Sidney Clear, manager of the plaintiff's fertilizer operation at Gray, Tennessee, had done business with the defendant corporation for approximately five years; was thoroughly familiar with the farmlands; had aerial photographs of the various fields; and had taken soil tests of the various fields. Mr. Johnny Crouch was the farm manager for defendant Crown Cattle Company and negotiated with Mr. Clear for the purchase and delivery of the fertilizer.

Mr. Clear testified that he told Mr. Crouch that the spreaders would not put down less than 400 pounds per acre without an extra charge and that he left Mr. Crouch with an understanding that that is what they were going to put down and he told the spreaders to put the fertilizer down at the rate of 400 pounds per acre.

Mr. Crouch, defendant's manager, testified that he told Mr. Clear that they wanted 300 pounds of 5–20–20 fertilizer per acre to the hay and pasture fields. His Honor the Trial Judge excluded testimony by Mr. Crouch that he had written a memorandum to his employer, Mr. King, that they needed to apply 300 pounds of 5–20–20 to the pasture land and 600 pounds per acre of 0–20–20 to the corn land. His Honor was of opinion that this testimony and the memorandum itself were self-serving.

It was and is the insistence of the defendant that there was an express contract for the application of only 300 pounds of fertilizer per acre; that the defendant has already paid for the 300 pounds per acre and does not owe any amount for the additional fertilizer.

■ Assignments of error I, II, and III assail the action of His Honor the Trial Judge in refusing to grant defendant's motion for a directed verdict at the conclusion of all the proof. There was a disputed issue of fact on the material issue between the plaintiff's testimony and the defendant's testimony as to whether or not there was, in fact, an express contract and the jury

found this issue in favor of the defendant. His Honor quite properly refused to direct a verdict in favor of the defendant. Assignments of error I, II, and III are respectfully overruled.

Assignments of error IV and V insist that the verdict is excessive to the amount of fertilizer delivered more than 400 pounds per acre and that His Honor the Trial Judge should have granted a remittitur. Defendant cites as authority T.C.A. Section 27–119 and *Murphy Truck Lines v. Brown*, 203 Tenn. 414, 313 S.W.2d 440 (1958); and *Fitzsimmons v. Brock*, 46 Tenn.App. 526, 330 S.W. 563 (1958); *Methodist Hospital v. Ball*, 50 Tenn.App. 460, 362 S.W. 475.

Mr. Clear, the manager of the fertilizer operation at Gray, Tennessee, testified that the fertilizer was spread by independent truckers using rear-end fan-type spreaders and that it was impossible to measure accurately the pounds per acre and that only approximate pounds per acre could be applied. This testimony was not denied or controverted in any manner.

Defendant's farm manager, Mr. Crouch, was on the scene when most of the various fields were being fertilized and he signed many of the invoices. Crouch made no effort to check the accuracy of the setting on the spreader in any of the fields. It would appear that Mr. Crouch could have checked this accuracy rather handily by observing how much ground a truckload of fertilizer covered. For instance, most of the trucks carried from five to seven tons of fertilizer. Two invoices were supplied with each truckload of fertilizer showing the exact amount in the truck. One invoice was to be delivered to the owner or manager; the other was to be signed by the owner or manager and delivered by the trucker to the chemical company for payment for spreading.

■ A truck loaded with six tons of fertilizer at 400 pounds per acre should have covered thirty acres. If all of the fertilizer was gone from the truck before the thirty-acre field was covered, then Mr. Crouch was

put on notice that more than 400 pounds per acre were being put down and he should have asked the trucker to reset the spreader on the truck. It is a matter of general knowledge that different types of fertilizer will be distributed at different rates per acre on the same setting on the spreader. Even fertilizers of the same analysis at different stages of humidity will be distributed at different rates over the fields. Since Mr. Crouch made no objection to the manner in which the fertilizer was being spread, we hold that the jury was well-warranted in finding an implied contract to pay for the fertilizer actually supplied and delivered to the defendant's farm. Assignments of error IV and V are respectfully overruled.

■ Assignment of error No. VI insists that His Honor the Trial Judge was in error in refusing to admit in evidence the memorandum from Mr. Crouch to the chief executive officer of defendant Corporation, Mr. E. Ward King, that he proposed to put down 300 pounds of 5–20–20 fertilizer per acre on the grass and pasture land and 600 pounds per acre of 0–20–20 on the corn land. This memorandum was prepared by Mr. Crouch for Mr. King's attention between the first and second conversations between Mr. Crouch and Mr. Clear. In our opinion this memorandum by Mr. Crouch to Mr. King was admissible as being corroborative of Mr. Crouch's testimony that he intended to put down 300 pounds per acre. We hold that His Honor the Trial Judge was in error in excluding it.

We agree also that it was admissible as a business record as described in T.C.A. Section 24–714 which we copy as follows:

"24–714. Records as evidence.—A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness, testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

■ This record was made in the regular course of business being a memorandum from the farm manager to the chief corporate officer of Cattle Company. However, it does not appear to us that the error complained of affected the result of the trial. There is absolutely no evidence in the record that Mr. Clear, manager of plaintiff Corporation, was negligent or that he deliberately and knowingly sent more fertilizer to the defendant's farm than the defendant ordered. Mr. Crouch was defendant's representative on the scene and he saw the fertilizer being delivered and was chargeable with notice of the amounts being delivered. In our opinion if the memorandum from Crouch to King had been admitted in evidence it would not have changed the results of the trial and therefore, the rejection of such memorandum was harmless error. T.C.A. Section 27–117.

All of the assignments of error are respectfully overruled and the judgment of the lower Court is affirmed at the cost of the appellant.

MATHERNE and NEARN, JJ., concur.