**Danette LOOPE, Petitioner,**

v.

**GOODINGS MILLION DOLLAR MIDWAYS, INC., Respondent.**

Supreme Court of Tennessee.

June 20, 1977.

Douglas L. Dutton, Shields, Rainwater & Dutton, Knoxville, for petitioner.

Calvin N. Taylor, W. P. O'Neil, Knoxville, of counsel, Cheek, Taylor & Groover, O'Neil, Parker & Williamson, Knoxville, for respondent.

## OPINION

HARBISON, Justice.

Petitioner sustained injuries from an electrical shock while attempting to board a midway ride operated by the respondent at a fair in Knox County.

At the trial of companion actions brought by petitioner and her husband Barry Loope, respondent admitted liability for compensatory damages, and the jury returned a verdict awarding $15,000.00 in compensatory damages to petitioner and $7,000.00 to her husband. The trial court declined to grant a remittitur, and on appeal the Court of Appeals affirmed the compensatory award. Under these circumstances, the amount of the compensatory award is all but conclusive in this Court, there being no claim of jury misconduct or similar impropriety. See Lambert Bros. Inc. v. Larkins, 200 Tenn. 674, 296 S.W.2d 353 (1956); Murphy Truck Lines v. Brown, 203 Tenn. 414, 313 S.W.2d 440 (1958). Accordingly cross-assignments of error filed in this Court by the respondent as to the compensatory damages awarded to petitioner and her husband are overruled.

In addition to seeking compensatory damages, petitioner Danette Loope also claimed punitive damages, alleging willful and wanton negligence on the part of the operator of the ride. The jury awarded $35,000.00 in punitive damages which the trial judge approved on post-trial motion. The Court of Appeals, however, found the evidence to be insufficient to sustain an award of punitive damages, and, in effect, directed a verdict for respondent as to that issue.

Our review of the evidence leads us to a different conclusion as to the liability of respondent for punitive damages. In operating its midway rides, of course, respondent owed the highest degree of care to its patrons, or that degree of care which the most prudent person would be expected to exercise in the maintenance, inspection and repair of such equipment. See Tennessee State Fair Assoc. v. Hartman, 134 Tenn. 159, 183 S.W. 735 (1915); Lyons v. Wagers, 55 Tenn.App. 667, 404 S.W.2d 270 (1966).

Petitioner sustained electrical shock when she touched a metal handrail while at the same time standing on wet ground, as she was preparing to enter one of the cars or cages of the midway ride. Subsequent investigation revealed that a short had occurred in the electrical circuits supplying current to the lights on the unit. The operator of the ride had himself received a slight shock or sting, as he described it, before petitioner was injured. He also testified:

"Q. Was anybody else shocked?
"A. Yeah, a little sting, bumble bee sting, and that's all.
"Q. What caused that bumble bee sting?
"A. Well, the thing was shorted out, the cupping, commutator cupping.
"Q. How many other people had received that sting, that you recall, before Mrs. Loope was shocked?
"A. A few. I wouldn't know. A few. I couldn't keep up with them."

Apparently the injuries to the other patrons were not serious, but it seems clear from the foregoing testimony that the operator of the ride was on notice, at the time when petitioner was sold a ticket, that some sort of short had developed in the electrical circuits, causing shock both to himself and to others.

Taking the proof most favorably to the petitioner, as must be done when considering a directed verdict, therefore, we are of the opinion that there was sufficient evidence of gross negligence or conscious indifference to the safety of patrons to justify submission of the issue of punitive damages to the jury in this case. As stated in *Phelps v. Magnavox Company of Tennessee*, 497 S.W.2d 898, 906 (Tenn.App.1972), conduct by one charged only with ordinary care might amount to simple negligence, but when done by a person charged with a higher degree of care, such as a common carrier or a supplier of electricity, that same conduct could amount to gross negligence or to willful and wanton conduct justifying an award of punitive damages. We believe that it was proper for the trial judge to submit the issue to the jury for its consideration, the award of such damages being, of course, discretionary with the jury. No exception has been taken to the instructions given to the jury by the trial judge on this issue.

Accordingly we are of the opinion that the Court of Appeals was in error in directing a verdict on the issue of punitive damages. On the other hand, however, we find that the amount awarded by the jury was highly excessive, and much greater than we feel justified in approving.

The amount to be awarded as punishment in a civil action, of course, must depend upon all of the circumstances. As stated by the Court of Appeals in the case of *Klein v. Elliott*, 59 Tenn.App. 1, 35, 436 S.W.2d 867, 883 (1968):

"Each award of damages must rest upon the peculiar facts of the particular case. The actions of the defendants herein were not so totally reprehensible as to warrant devastating punishment. The verdict of the trial jury was excessive."

In that case a jury had awarded $27,-500.00 in punitive damages. This was reduced by the trial judge to $3,500.00, and his action was affirmed by the Court of Appeals.

In the present case the trial judge approved the entire award of punitive damages, but the Court of Appeals disapproved it and disallowed it in its entirety.

In the recent case of *Whittington v. Grand Valley Lakes*, Tenn., 547 S.W.2d 241, released at Jackson on April 25, 1977 for publication, a similar situation had occurred. A trial jury had awarded $1,500.00 in compensatory damages and $2,500.00 in punitive damages. The Court of Appeals in that case had held that the proof did not support an award of either compensatory or punitive damages, and remanded the case for assessment of nominal damages. This Court reversed, finding that actual damages had been shown in the evidence, although in that case the defendant had at its expense repaired the damages before trial. Plaintiff failed to prove any additional amount of compensatory damages, but this Court held that the amount previously paid by the defendant demonstrated that actual damages had occurred and that the plaintiff would have been entitled to a verdict for compensatory damages had it not been for the restitution made by the defendant. Under those circumstances a predicate for punitive damages was found to exist, and this Court reinstated the award of punitive damages.

In the present case we are not prepared to reinstate the punitive damages award in anything like the amount originally allowed in the trial court. In our opinion the sum of $5,000.00 would be an ample award of punitive damages under the facts and circumstances shown in this case, and accordingly we suggest a remittitur of the punitive damages awarded by the jury to the sum of $5,000.00. If petitioner is willing to accept said remittitur, then the judgment of the trial court will be modified accordingly. If the petitioner is unwilling

to accept the suggested remittitur, the cause will be remanded to the trial court for a new trial as to the issue of punitive damages only.

The judgment of the Court of Appeals, affirming the award of compensatory damages, is affirmed. Its judgment with respect to punitive damages is set aside, and the award of punitive damages, to the extent of $5,000.00, is approved by this Court, subject to the acceptance of petitioner as aforesaid. Counsel for petitioner will notify the Clerk of this Court and adversary counsel within ten days from the release of this opinion as to whether the suggested remittitur is accepted. Costs in the trial court are taxed to respondent. All costs on appeal will be divided equally between the parties.

COOPER, C. J., and FONES, HENRY and BROCK, JJ., concur.