**CITY OF GATLINBURG, Tennessee; City Of Pigeon Forge, Tennessee; City Of Sevierville, Tennessee; County Of Sevier, Tennessee; and Sevier Solid Waste, Inc., Plaintiffs/Appellees/Appellants,**

v.

**Grady Bascom FOX, Jr., and wife, Irene Dixon Fox, and Carroll L. Fox and wife, Mildred Perryman Fox, Defendants/Appellants/Appellees.**

Supreme Court of Tennessee, at Knoxville.

March 16, 1998.

Ronald E. Sharp, Sharp & Ripley, Sevierville, for Plaintiffs/Appellees/ Appellants.

David C. Lee, J.D. Lee, Lee, Lee & Lee, Knoxville, for Defendants/Appellants/ Appellees.

## OPINION

ANDERSON, Chief Justice.

The question presented in this appeal is whether the choice of accepting a remittitur or a new trial is available to the party in whose favor the adjustment is made, or the party in whose favor the jury verdict was rendered. In *Pitts v. Exxon Corp.*, 596 S.W.2d 830 (Tenn.1980), this Court wrote that the choice is available to the party in whose favor the adjustment was made. The trial judge in this case suggested a remittitur and the landowners, who obtained a jury verdict for the value of real property, agreed to the remittitur, but the City rejected it. Relying on *Pitts*, the trial judge granted a new trial, assuming the choice belonged to the party in whose favor the adjustment was made.

The Court of Appeals, however, held that the choice to accept a remittitur or receive a new trial lies exclusively with the party in whose favor the jury verdict has been rendered, and that the trial judge therefore erred in relying on *Pitts*. The appeals court characterized the *Pitts* language as a "slip of the pen." We agree that the inadvertent language of *Pitts* is a linguistic oversight and affirm the Court of Appeals.

## BACKGROUND

In this condemnation case, the plaintiffs, City of Gatlinburg, City of Pigeon Forge, City of Sevierville, County of Sevier, and Sevier Solid Waste, Inc., (hereinafter "City"), acquired by eminent domain a tract of real property located in Sevier County, Tennessee, and owned by the defendants, Grady Bascom Fox, Jr., Irene Dixon Fox, Carroll L. Fox, and Mildred Perryman Fox, (hereinafter "landowners"). The property was to be used for a landfill.

The only issue at trial was the value of the property. In the first trial, the jury returned a verdict for the landowners in the amount of $1,710,500. The trial judge suggested a remittitur of $315,000, which was accepted by the landowners but rejected by the City. The trial judge granted the City a new trial based on the language of *Pitts v. Exxon Corp.*, *supra*, in which this Court indicated that "where either remittitur or additur is used, the choice of a new trial and new jury or appellate review is available to the party in whose favor the adjustment is made...." The landowners' requests for interlocutory and extraordinary appeals were denied.[1]

At the second trial, the jury returned a verdict for the landowners in the amount of $915,000. The landowners appealed, arguing that the first trial court erred in granting the new trial and asking to reinstate the first jury verdict. The Court of Appeals concluded that the trial court did err in granting a new trial since the right to accept a remittitur or receive a new trial lies only with the party in whose favor the verdict has been rendered, i.e., the landowners, and not the party in whose favor the remittitur was rendered, i.e., the City. The appeals court char-

---

1. *See* Tenn. R.App. P. 9 and 10.

acterized the language in *Pitts* as a "slip of the pen" that conflicted with the overwhelming weight of common law and statutory authority.[2] We granted this appeal to determine this important question.

### ANALYSIS

In Tennessee, it has long been held that a trial judge has the authority to correct an excessive jury award, in lieu of granting a new trial, by suggesting that a party remit a portion of the damages. In *Branch v. Bass*, 37 Tenn. 366 (1858), the jury verdict for the plaintiff was $20,000. The trial judge ruled that he would grant a new trial unless the plaintiff agreed to remit two-thirds (2/3) of the verdict, and the plaintiff agreed. On appeal, the Court rejected the argument that the trial judge had acted illegally:

> The power of the Judge to set aside the verdict, on the ground that he considers the damages excessive, necessarily implies that it is his province, on the motion for a new trial, to form a judgment as to what, under all the circumstances of the case, would be reasonable damages; and if, upon the suggestion of the Court, the damages be voluntarily remitted to the amount indicated by the Court, we perceive no well founded objection to the practice of allowing judgment to be rendered for the residue of the damages. By this course the delay and expense of another trial is saved by the parties. . . .

Pursuant to *Branch* and other early cases, a plaintiff could accept a remittitur or reject it and receive a new trial, but the plaintiff could not accept the remittitur under protest and appeal. *See Western Union Telegraph Co. v. Frith*, 105 Tenn. 167, 58 S.W. 118 (1900); *Massavillo v. Nashville & K.R. Co.*, 89 Tenn. 661, 15 S.W. 445 (1891).

More than forty years after *Branch*, the legislature decided to codify the remittitur process. Like the early case law, the first version of the statute allowed a party in whose favor the verdict was rendered to accept a remittitur, or a new trial would be granted. Unlike the early case law, however, the statute allowed the remittitur to be accepted under protest and allowed an appeal. Acts 1911, ch. 29, § 1. Similarly, the present version of the statute, adopted in 1987, reads:

> (a) In all jury trials had in civil actions, after the verdict has been rendered, and on motion for a new trial, when the trial judge is of the opinion that the verdict in favor of a party should be reduced, and a remittitur is suggested by the trial judge on that account, with the proviso that in case the *party in whose favor the verdict has been rendered refuses to make the remittitur a new trial will be awarded*, the party in whose favor such verdict has been rendered may make such remittitur under protest, and appeal from the action of the trial judge to the court of appeals.

Tenn.Code Ann. § 20–10–102(a)(1997)(emphasis added).

The present statute clearly states that the party in whose favor the verdict was rendered has the choice to accept the remittitur under protest and appeal or to receive a new trial. Although the party in whose favor the adjustment was made has the right to appeal the adequacy of the remittitur, he or she does not have the right to reject the remittitur and receive a new trial.

As the Court of Appeals noted, the plaintiff is typically the party who receives a verdict for damages and who therefore may accept a remitted amount and appeal or else refuse to accept the remittitur and receive a new trial. The only right of the defendant, the party in whose favor the remittitur was made, is to appeal the inadequacy of the remittitur. Although the identification of the parties in this condemnation case is reversed from the typical case, the principles are the same; the City as the condemnors, filed the action as plaintiffs, but the landowners, as defendants,

---

2. The Court of Appeals did not, however, reinstate the jury verdict from either the first or second trial, because it also held that the trial court erred in admitting improper valuation testimony from the expert witness called by the landowners. *See Cook & Nichols, Inc. v. Peat, Marwick, Mitchell & Co.*, 480 S.W.2d 542 (Tenn. App.1971)(court cannot reinstate remittitur if defendant is entitled to relief under its assignment of error). Although the court had only the record of the first trial, it concluded that the testimony prejudiced both verdicts, since it was admitted in both trials. This issue is not before us.

received the verdict for damages in their favor. The landowners, therefore, and not the City, had the right to reject the remittitur and receive a new trial.

The City's argument attempts to reconcile the language in *Pitts* with the statutory provisions, arguing that the case law extends the same options to the party in whose favor the adjustment was made. This argument is not only contrary to the plain meaning of the statute but also misreads *Pitts*. As Judge Susano, writing for the Court of Appeals, summarized: "We ... note that no authority is cited in *Pitts* to support the disputed proposition; to the contrary, each case cited within the opinion speaks only in terms of the plaintiff's acceptance or refusal of a suggested remittitur...." Judge Susano therefore wrote that the Supreme Court intended to state the following in *Pitts*:

> Where either remittitur or additur is used, the choice of a new trial and new jury or appellate review is available to the party *against whom* the adjustment is made, and appellate review is available to the other party where the appellate courts may either adjust the verdict to conform to the evidence if statutorily and judicially authorized to do so, and, where not, a new trial may be granted.

We agree that this view is consistent with the overwhelming weight of common law, the case law of Tennessee, as well as the provisions of Tenn.Code Ann. §§ 20–10–101 & 102. We also agree that the language of *Pitts*, which stated that when remittitur is suggested, the choice of a new trial is available *to the party in whose favor the adjustment is made*, is incorrect and was a "slip of the pen."

### CONCLUSION

We agree with the Court of Appeals that *Pitts v. Exxon Corp., supra*, contained a misstatement of the law. The correct statement of the law is that when a trial court suggests a remittitur, the party in whose favor the verdict was rendered has the choice of accepting the remittitur and appealing under protest or receiving a new trial. The party against whom the verdict was rendered has only the option of appealing the adequacy of the remittitur. Accordingly, the trial court erred in granting a new trial when *the party in whose favor the verdict was rendered* accepted the remittitur. The judgment of the Court of Appeals is affirmed and the case is remanded to the trial court.

Costs of this appeal are taxed to the plaintiffs, for which execution may issue if necessary.

DROWOTA, REID, BIRCH and HOLDER, JJ., concur.

