IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1999 SESSION

FILED

December 15, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. #M1998-00012-CCA-R3-CD |
| Appellee, | * | BEDFORD COUNTY |
| VS. | * | Hon. Charles Lee, Judge |
| TROY SHONDELL SALES, | * | (Sale of Cocaine) |
| Appellant. | * | |

For Appellant:

William C. Roberts, Jr.
and Robert L. Marlow
Attorneys
100 South Spring Street
#109
Shelbyville, TN  37160

For Appellee:

Paul G. Summers
Attorney General and Reporter

Elizabeth T. Ryan
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN  37243

Robert G. Crigler
Assistant District Attorney General
Seventeenth Judicial District
Bedford County Courthouse
Shelbyville, TN  37160

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

OPINION

The defendant, Troy Shondell Sales, was convicted of the sale of a Schedule II controlled substance. Tenn. Code Ann. § 39-17-417. The trial court imposed a Range II sentence of nine years, six months. In this appeal of right, the defendant challenges the sufficiency of the evidence.[1] We affirm the judgment.

At approximately 7:40 P.M. on January 14, 1998, an informant employed by the Shelbyville Police Department arranged by telephone to purchase a small amount of cocaine from the defendant. Drug Interdiction Officer James Edward Wilkerson and Detective Tony Collins had searched the informant prior to the call and had taken him to the pay telephone he used at Baker's Quick Check. Officer Wilkerson and Detective Collins watched as the informant placed the call. After his conversation, the informant reported to the officers that he had been instructed by the defendant to wait at a pay telephone at a McDonald's Restaurant located only a short distance away. The officers observed the informant continuously from the time of their search until 9:10 P.M. when the defendant and two others in a maroon Buick arrived at McDonald's. The officers observed the defendant get out of the vehicle and walk across the street with the informant to Baker's Quick Check, where he frisked the legs and pockets of the informant.

As a signal to the officers that the sale had been completed, the informant tipped his cap and scratched his head. At that point, Officer Wilkerson and Detective Collins, who were in an unmarked vehicle, and Patrolmen Joe Brown and Anthony Whitehead blocked the path of the maroon Buick. The defendant was arrested and Officer Whitehead removed over $400.00 from the pocket of Craig

---

[1]The defendant was indicted for sale of a controlled substance, delivery of a controlled substance, and criminal conspiracy. The trial judge merged the conviction of delivery with the conviction of sale. The conspiracy charge was dismissed.

Clark Green, the driver of the Buick. One of the bills removed from Green was a twenty dollar bill which had been marked by the officers with a red magic marker and given to the informant to purchase the drugs. The serial number on the bill matched Officer Wilkerson's records.

Detective Collins continued to observe the informant while the other officers made the arrest. The informant, who had returned to the McDonald's Restaurant, had rock cocaine in his possession when the detective arrived. Donna Flowers, a forensic chemist with the Tennessee Bureau of Investigation's crime laboratory in Nashville, identified the rock-like substance acquired from the informant as 0.2 gram of cocaine.

The defendant contends that because the police were unable to say that they saw the informant exchange money for illegal drugs, the evidence is insufficient. He also argues that the informant could have planted the illegal drugs at the public pay telephone in advance.

On appeal, the state is entitled to the strongest legitimate view of the evidence and all inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832 (Tenn. 1978). When the sufficiency of the evidence is challenged, the relevant question is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Williams, 657 S.W.2d 405 (Tenn. 1983); Tenn. R. App. P. 13(e). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted exclusively to the jury as the triers of fact. Byrge v. State, 575 S.W.2d 292 (Tenn. Crim. App. 1978).

3

A criminal offense may be established exclusively by circumstantial evidence. Marable v. State, 203 Tenn. 440, 313 S.W.2d 441 (1958). The jury has the responsibility of determining the sufficiency of circumstantial evidence. State v. Tharpe, 726 S.W.2d 896 (Tenn. 1987).

Tennessee Code Annotated Section 39-17-417(a)(2) and (3) provide that the defendant may be convicted when he has knowingly sold or delivered cocaine. Here, the state established that the defendant was the only one of the three occupants of the maroon Buick who had any contact with the informant. According to police, the informant had no illegal drugs in his possession prior to his encounter with the defendant and had rock cocaine afterwards. No one other than the defendant came into contact with the informant. Whether the circumstances established an illegal drug transaction was a proper question for the jury. In our view, the jury was entitled to accredit the testimony offered by the state and find the defendant guilty of each of the elements of the crime.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
John H. Peay, Judge


_____
Norma McGee Ogle, Judge

4