# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### November 14, 2007 Session

## STATE OF TENNESSEE v. LEE EDWARD PETERSON

### Direct Appeal from the Circuit Court for Montgomery County
#### No. 40600701    Michael R. Jones, Judge

### No. M2006-02770-CCA-R3-CD - Filed January 30, 2008

Lee Edward Peterson, the defendant, was charged in a two-count indictment with possession with intent to sell less than 0.5 grams of cocaine and with possession with intent to deliver less than 0.5 grams of cocaine (Class B felonies). The defendant filed a motion to suppress the evidence obtained from a warrantless search of his person. After the motion was overruled by the trial court, the defendant, pursuant to a negotiated plea, entered a plea of nolo contendere to simple possession of cocaine (Class A misdemeanor), with an agreed sentence of eleven months and twenty-nine days suspended and a fine of $250. The defendant attempted to reserve a certified question of law pursuant to Rule 37(b)(2)(1) of the Tennessee Rules of Criminal Procedure. After review, we conclude that the defendant has failed to properly reserve the certified question of law by failing to include or incorporate by reference the question in the final judgment. Accordingly, the issue is not properly before this court, and the appeal is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

B. Lynn Morton, Clarksville, Tennessee, for the appellant, Lee Edward Peterson.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Senior Counsel; John Wesley Carney, Jr., District Attorney General; and Christopher G. Clark, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Officer Lon Chaney of the Clarksville Police Department testified at the defendant's motion to suppress hearing concerning the circumstances of the defendant's stop and search. Officer Chaney said that on the night of January 29, 2006, he was patrolling in his marked squad car when he met the defendant driving in the opposite direction. Officer Chaney said that his radar timed the defendant as traveling sixty-two miles per hour in an area marked with a forty-five mile per hour

speed limit. The officer turned and followed the defendant and saw him pull into the parking lot of an apartment complex. In the interim, Officer Chaney had initiated his blue lights. At the time of the officer's entry into the parking lot, the defendant, the sole occupant, was walking away from his vehicle. The defendant was commanded to return and to place his hands on the police car. Officer Chaney approached the defendant with the intent to pat him for weapons but then smelled the odor of burnt marijuana coming from the defendant's clothing. Upon smelling the burnt marijuana, Officer Chaney searched the defendant and found a bag containing a small amount of white powder in the defendant's pocket. The powder ultimately was tested as cocaine.

After the suppression hearing, the trial court determined that the defendant had been lawfully stopped for speeding and that the officer's recognition of the odor of burnt marijuana provided probable cause to search the defendant. Accordingly, the motion to suppress was overruled.

Pursuant to a negotiated plea, the defendant entered a plea of nolo contendere to simple possession of cocaine with an agreed sentence of eleven months and twenty-nine days suspended and a fine of $250. The defendant attempted to reserve a certified question of law. An order recited the entry of the plea, the sentence, the fact of the denial of the motion to suppress, and the intent to reserve a certified question of law. The order also expressed the consent of the defendant, the State, and the trial court to the reservation and that the question reserved was dispositive of the case. The order was signed by the trial court and counsel for the defendant and the State. The question sought to be preserved was as follows:

> Whether the search and seizure of the Defendant violated the Constitutional protections of the Defendant, when
> 1. The initial seizure of the defendant was not supported by reasonable suspicion to warrant the seizure based upon the information and facts available to the officer at the time the seizure was initiated;
> 2. The taking of the defendant into custody immediately following his seizure was not based on probable cause;
> 3. The search of the defendant's person, without a warrant, was conducted in violation of his State and Federal Constitutional Rights.

The standard judgment form was completed, setting forth the applicable information regarding the original charge, the conviction offense, and the sentence. Under the special conditions space, the following entry was made: "count 2 dismissed in settlement (2) as per state probation order." The judgment form contains no language concerning the certified question of law nor does it make any reference to the order which contained the certified question sought to be preserved.

Analysis

On appeal, the defendant seeks review of the certified question as contained in the order and set forth above. The State contends that the defendant failed to satisfy the mandatory requirements of Tennessee Rules of Criminal Procedure Rule 37, by failing to reference the certified question and by raising issues that are too general to clearly identify the scope and limits of the issue sought to be preserved. After review, we conclude that the defendant's failure to include the certified question in the judgment form, either by inclusion or incorporation by reference, requires a dismissal of the appeal.

The prerequisites for reserving a certified question of law on appeal are set forth in Tennessee Rules of Criminal Procedure Rule 37(b)(2)(I) and are, in pertinent part, as follows:

> An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction . . . upon a plea of guilty or nolo contendere if . . . the defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the State and of the court the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met: (A) the judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review; (B) the question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved; (C) the judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and (D) the judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case; . . . .

Our Supreme Court in State v. Preston, 759 S.W.2d 647 (Tenn. 1988), made explicitly clear the prerequisites for reserving a question of law on appeal:

> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved.

Id. at 650. In State v. Irwin, 962 S.W.2d 479, 479 (Tenn. 1998), the appeal was dismissed due to the defendant's failure to include the certified question in the final judgment. The Irwin Court does acknowledge that an incorporation by reference to an independent document would satisfy the Preston requirement that the certified question be contained in the final judgment. In the case at hand, no reference or incorporation of the order containing the question of law appears in the

judgment form. This failure to follow the clear and explicit prerequisites of <u>Preston</u> is fatal to the defendant's appeal.

Conclusion

After review of the record and for the foregoing reasons, this appeal is dismissed.


_____
JOHN EVERETT WILLIAMS, JUDGE